# Exhibit 2

Case 1:20-cv-03125-LAK Document 102-2 Filed 02/03/22 Page 2 of 3

# NORTON ROSE FULBRIGHT

# Take-aways from the SCC's decision in CIBC v Green

On December 4 the Supreme Court of Canada released its long-awaited decision[1] in a trilogy of secondary market securities class action appeals that were argued together. The appeals raise a number of important issues going to Part XXIII.1 of the Ontario *Securities Act* (the Act) and the certification of common law misrepresentation claims alongside statutory claims under Part XXIII.1.

Unfortunately, the SCC's decision focuses almost entirely on limitation period issues now rendered academic by amendments to the Act. A majority of the SCC concluded that s. 28 of the *Class Proceedings Act*, 1992 (CPA) operates to suspend the three-year limitation period contained in s. 138.14 of the Act only when leave has been granted under s. 138.8 of the Act. The decision on this point is of no consequence other than for the parties to the appeal, as section 138.14 of the Act had already been amended, effective July 2014, to suspend the limitation period on the date a motion for leave is filed with the court.

The decision does provide some guidance on two other issues, but regrettably in a rather cursory fashion. The court clarifies the threshold for obtaining leave to assert a statutory claim for secondary market misrepresentation under Part XXIII.1, and addresses whether it is appropriate to certify common issues relating to common law misrepresentation claims that are asserted alongside a statutory, secondary market misrepresentation claim. The court's treatment of these issues is discussed below.

## The threshold for leave

The cause of action under Part XXIII.1 is subject to a leave requirement. The leave requirement is intended to serve a "gatekeeping" function by preventing suits not brought in good faith or not demonstrating a reasonable possibility of success at trial.

One of the issues raised before the Ontario Court of Appeal in the CIBC appeal was whether the motions judge had correctly articulated the test for granting leave under s. 138.8 of the Act. On the leave motion, Justice Strathy (as he then was) had characterized the statutory requirement that the plaintiff demonstrate "a reasonable possibility that the action will be resolved at trial in favour of the plaintiff" as establishing a relatively low threshold. He concluded that leave should be denied only if "having considered all the evidence… and having regard to the limitations of the motions process, the plaintiffs' case is so weak, or has been so successfully rebutted by the defendant, that it has no reasonable possibility of success."[2] The Ontario Court of Appeal agreed with this articulation of the leave standard.

On appeal to the Supreme Court, the CIBC defendants argued that the threshold articulated by Justice Strathy and adopted by the Ontario Court of Appeal was too low.

The Supreme Court adopted the analysis from its recent decision in *Theratechnologies inc. v 121851 Canada inc.*,[3] in which the court considered a similar provision in the Quebec *Securities Act*. In *Theratechnologies*, the Supreme Court affirmed that the "reasonable possibility" of success at trial test was more than a "speed bump." It requires the plaintiff to demonstrate there is a "reasonable or realistic chance that [the plaintiff] will succeed." The plaintiff must "offer both a plausible analysis of the applicable legislative provisions, and some credible evidence in support of the claim."

The Supreme Court observed that as there was no difference in the wording between the Quebec and Ontario statutes, the threshold test articulated in *Theratechnologies* also applied to leave motions under s. 138.8 of the Ontario Act. Unfortunately, the court did not comment on the impact of its articulation of the leave test to the facts of the CIBC case other than to find the plaintiffs had met the test.

Although the court's affirmation that its articulation of the leave test in *Theratechnologies* extends to the Ontario Act's leave provision is welcome news for defendants, what this will mean in practice remains to be seen. The court passed on the opportunity to elaborate on its reasons in *Theratechnologies*, including addressing how the test applies when a defence of reasonable investigation is raised in response to a motion for leave.

## Parallel common law misrepresentation claims

In *CIBC*, the plaintiffs advanced a common law misrepresentation claim in addition to their claim under Part XXIII.1, and sought certification of seven common issues relating to the common law claim. The motion judge refused to certify all seven issues, holding that reliance, a necessary element of common law misrepresentation, was not capable of determination on a common basis, and that a class action was not the preferable procedure for resolving a reliance-based claim.

1/20/22, 9:38 PM
Case 1:20-cv-03135-LAK   Document 102-2   Filed 02/03/22   Page 3 of 3
Take-aways from the SCC's decision in CIBC v Green | Global law firm | Norton Rose Fulbright

The Ontario Court of Appeal upheld the motion judge's refusal to certify common issues regarding reliance and damages, but held that five of the issues, which related to the intent and conduct of the defendant, should be certified because their resolution would advance the class members' individual claims.

On appeal to the Supreme Court, the CIBC defendants argued that none of the issues relating to the common law misrepresentation claim should be certified. They argued that the common law claim failed the preferability analysis under s. 5(1)(d) of the CPA because the legislature intended the statutory cause of action under Part XXIII.1 to be the preferable procedure for resolving misrepresentation claims in class actions.

The Supreme Court rejected this argument, stating it confused procedure with substantive causes of action. The preferability analysis under s. 5 (1)(d) of the CPA requires a court to assess whether a class proceeding is the preferable procedure, not whether a specific cause of action is preferable. Accordingly, the Supreme Court upheld the Court of Appeal's decision to certify five of the seven issues as common issues, leaving reliance and damages to be individually assessed.

As a result of this holding, some plaintiffs may choose to continue to assert common law misrepresentation claims alongside statutory claims in securities class actions, even if issues of reliance and damages will have to be determined at individual trials.

In summary, *CIBC* confirms that the *Theratechnologies* articulation of the leave test applies to claims under s, 138.3, and that Part XXIII.1 does not necessarily preclude some common issues relating to common law misrepresentation claims being advanced alongside statutory misrepresentation claims.

## Footnotes

[1] *Canadian Imperial Bank of Commerce v Green*, 2015 SCC 60.

[2] *Green v Canadian Imperial Bank of Commerce*, 2012 ONSC 3637, para. 374.

[3] 2015 SCC 18 [*Theratechnologies*].

**Contacts**





**Linda Fuerst**
**Senior Partner**
Toronto
**T:** **+1 416 216 2951**

linda.fuerst@nortonrosefulbright.com

**Steven Leitl, QC**
**Senior Partner**
Calgary
**T:** **+1 403 267 8140**

steven.leitl@nortonrosefulbright.com

*Practice area:*

Corporate, M&A and securities

© Norton Rose Fulbright LLP 2021