**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE iANTHUS CAPITAL HOLDINGS, INC. SECURITIES LITIGATION | No.: 1:20-cv-03135-LAK<br><br>Hon. Lewis A. Kaplan |
| THIS DOCUMENT RELATES TO:<br><br>No.: 1-20-cv-03898-LAK (HI-MED LLC) | |

**DEFENDANTS RANDY MASLOW, ROBERT GALVIN, AND ELIZABETH**
**STAVOLA'S MOTION FOR CLARIFICATION**

**SILLS CUMMIS & GROSS P.C.**
101 Park Avenue, 28th Floor
New York, New York 10178
(212) 643-7000

*Attorneys for Defendant Elizabeth Stavola*

**LEVINE LEE LLP**
1500 Broadway, Suite 2501
New York, New York 10036
Telephone: (212) 223-4400

*Attorneys for Defendants iAnthus Capital Holdings, Inc., Julius John Kalcevich, Randy Maslow, and Robert Galvin*

Pursuant to the Court's inherent authority to clarify its September 28, 2022 Memorandum Opinion (Dkt. No. 100 (the "Opinion" or "Op.")), and as contemplated by the parties' Joint Stipulation and Scheduling Order (Dkt. No. 102), Defendants Randy Maslow, Robert Galvin, and Elizabeth Stavola (together, the "Moving Defendants") hereby respectfully submit this motion for clarification.

## PRELIMINARY STATEMENT

In the Opinion, the Court dismissed all of Plaintiff Hi-Med LLC's ("Hi-Med") securities claims except those relating to an escrow provision found in certain agreements (the "Agreements") between iAnthus Capital Holdings, Inc. and Gotham Green Partners LLC. (*See* Op. at 58 n.241.)  The Court also dismissed Hi-Med's Section 20(a) control liability claims against the Moving Defendants. (*See id.* at 56–57.)  In so doing, the Court found that "Hi-Med . . . does not plead any facts to suggest how any of [the Moving Defendants] were culpable in the primary violations" relating to the escrow provision. (*Id.*)  Because the Court found that the Moving Defendants were not culpable in any violation relating to the only remaining securities issue, and because the Court found that Hi-Med's common law fraud claims could proceed only insofar as they relate to that remaining securities issue,[1] all claims against the Moving Defendants have been dismissed.

Notwithstanding the Court's Opinion, Hi-Med has taken the position that it has brought, and this Court did not dismiss, primary Section 10(b) claims against the Moving Defendants.  In

---

[1] Hi-Med purported to bring common law fraud claims against the Moving Defendants. (*See* SAC ¶¶ 168–75.)  The Court found that Hi-Med's common law fraud claims "may proceed as to the alleged misstatements and omissions which the Court has concluded are pled sufficiently under Section 10(b) of the Exchange Act." (Op. at 57.)  Accordingly, because the Court dismissed the Section 10(b) claims against the Moving Defendants, the Court also dismissed the common law fraud claims, which are merely derivative of the inadequately pled securities claims.

taking this position, Hi-Med has seemingly latched onto the fact that the Opinion did not explicitly address (and therefore did not explicitly dismiss) Section 10(b) claims against the Moving Defendants. Hi-Med's position is without merit, however, because it ignores the fact that this Court has found that the Moving Defendants were not culpable in the alleged primary violations germane to Hi-Med's only remaining securities claim. Nevertheless, given that Hi-Med has put this issue into dispute, the Moving Defendants respectfully seek this Court's confirmation that all of Hi-Med's claims against them are dismissed.

## ARGUMENT

In the SAC, Hi-Med purported to bring primary liability claims under Section 10(b) against "all defendants" (SAC ¶¶ 99–107) and control liability claims under Section 20(a) against a number of individuals, including the Moving Defendants (*id.* ¶¶ 108–113). In doing so, Hi-Med alleged three categories of material misstatements or omissions: conflicts of interest, full disclosure, and escrow. (*See* SAC ¶¶ 77 (conflicts of interest and full disclosure), 79 (escrow); *see also* Op. at 38 n.173 (identifying these three categories).) In the Opinion, the Court found that only one category of the alleged misstatements—relating to an escrow provision contained in the Agreements—had been adequately pled. (*See* Op. at 58 n.241 (finding the escrow related allegations in ¶¶ 79–80 of the SAC to be the only "statements adequately pled [by Hi-Med] as actionable").) Accordingly, Hi-Med's only potentially actionable claims against the Moving Defendants are those concerning this escrow provision.

The Court dismissed Hi-Med's Section 20(a) claims against the Moving Defendants. (Op. at 56–57.) Crucially, in dismissing those control liability claims, the Court found the following: "*Hi-Med . . . does not plead any facts to suggest how any of [the Moving Defendants] were culpable in the primary violations.*" (*Id.* (emphasis added).) Put another way, the Court found that Hi-Med had failed to adequately allege that the Moving Defendants engaged in any

2

wrongdoing in connection with the escrow provision (i.e., the only viable alleged primary violation). That finding also necessarily involved dismissal of Hi-Med's Section 10(b) claims against the Moving Defendants. As a matter of logic, the Moving Defendants cannot simultaneously be "not culpable in the primary violations" for purposes of control liability under Section 20(a) and culpable as primary violators for the same violation under Section 10(b).

Such logic is confirmed by this Court's precedent. Had the Court found that Hi-Med sufficiently alleged that the Moving Defendants engaged in a primary violation relating to the escrow provision, it *necessarily* would have found that Hi-Med sufficiently alleged their culpability for purposes of Section 20(a). *See, e.g., Richman v. Goldman Sachs Grp., Inc.*, 868 F. Supp. 2d 261, 284 (S.D.N.Y. 2012) ("[A]llegations sufficient to plead scienter for the purposes of primary liability pursuant to Section 10(b) necessarily satisfy the culpable participation pleading requirement for Section 20(a) claims." (citation and internal quotation marks omitted)). However, in allowing Hi-Med's Section 20(a) claims to proceed against Messrs. Adler, Ford, and Kalcevich but not against the Moving Defendants, the Court found that whereas the former group "authorized and signed off on the transactions that form the basis of plaintiffs' claims in these actions," Hi-Med did not "plead any facts" suggesting culpability of the Moving Defendants. (Op. at 56–57.) Hi-Med's argument that it nonetheless has active Section 10(b) claims against the Moving Defendants in this action is thus inconsistent with the Opinion's holding.

At bottom, where (1) Hi-Med's only remaining claims relate to the escrow provision (Op. at 58 n.241) and (2) the Court explicitly dismissed the Section 20(a) claims against the Moving Defendants because Hi-Med failed to plead facts plausibly suggesting that the Moving Defendants were "culpable" under Section 20(a) in any primary violation concerning the escrow provision (*id.* at 56–57), the Moving Defendants respectfully submit that no claims against them remain. Put

3

simply, without factual allegations sufficient to suggest the Moving Defendants' culpability in a securities violation, no securities claims against them are viable. Hi-Med's argument to the contrary is inconsistent with the Opinion.

## CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that the Court confirm that each of Hi-Med's claims against them have been dismissed.

Dated: New York, NY
       October 24, 2022

Respectfully Submitted,

By:   /s/ Seth L. Levine
    Seth L. Levine
    Chad P. Albert

**LEVINE LEE LLP**
1500 Broadway, Suite 2501
New York, New York 10036
Telephone: (212) 223-4400
slevine@levinelee.com
calbert@levinelee.com

*Attorneys for Defendants iAnthus Capital Holdings, Inc., Julius John Kalcevich, Randy Maslow, and Robert Galvin*

By:   Mark S. Olinsky
    Mark S. Olinsky
    Charles J. Falletta

**SILLS CUMMIS & GROSS P.C.**
Mark S. Olinsky
Charles J. Falletta
101 Park Avenue, 28th Floor
New York, New York 10178
(212) 643-7000
molinsky@sillscummis.com
cfalletta@sillscummis.com

*Attorneys for Defendant Elizabeth Stavola*

4