# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE iANTHUS CAPITAL HOLDINGS, INC. SECURITIES LITIGATION | No. 20-cv-03135-LAK<br>No. 20-cv-03513-LAK |
| THIS DOCUMENT RELATES TO:<br>Nos. 20-cv-03135 (Securities Class Action), 20-cv-03513 (Cedeno) | |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement, dated as of March 21, 2023 (the "Stipulation") is entered into between (a) Lead Plaintiff Jose Antonio Silva ("Lead Plaintiff"), on behalf of himself and the Settlement Class;[1] and (b) Defendants iAnthus Capital Holdings, Inc. ("iAnthus"), Gotham Green Partners, LLC ("GGP"), and Hadley C. Ford ("Ford"), Julius John Kalcevich ("Kalcevich"), and Jason Adler ("Adler" and, together with Ford and Kalcevich, the "Individual Defendants"; and the Individual Defendants together with iAnthus and GGP, "Defendants"), and embodies the terms and conditions of the settlement of this Action. Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein against Defendants as set forth below.

WHEREAS:

A.      On April 20, 2020, Donald W. Finch commenced this Action in the United States District Court for the Southern District of New York, styled *Donald W. Finch v. iAnthus Capital*

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.  The singular forms of nouns and pronouns include the plural and vice versa.

*Holdings, Inc., et al.*, Case No. 1:20-cv-03135-LAK. The original Complaint (Dkt. No. 1) named iAnthus, GGP, Ford, Kalcevich, and Adler as defendants.

B.  On May 5, 2020, Peter L. Cedeno also filed a putative class action complaint against iAnthus, GGP, Ford, Kalcevich, and Adler styled as *Peter L. Cedeno v. iAnthus Capital Holdings, Inc., et al.*, case No. 1:20-cv-03513-PGG.

C.  On May 19, 2020, Hi-Med LLC filed a complaint, which is separate and apart from the securities class action subject to this Stipulation, styled *Hi-Med LLC v. iAnthus Capital Holdings, Inc., et al.*, Case No.: 1:20-cv-03898.

D.  On July 9, 2020, the Court consolidated *Peter L. Cedeno v. iAnthus Capital Holdings, Inc., et al.*, and *Donald W. Finch v. iAnthus Capital Holdings, Inc., et al.* under the caption *In re iAnthus Capital Holdings, Inc. Securities Litigation*, Case No.: 1:20-cv-03135-LAK. Dkt. No. 41. The Court also entered an order appointing Jose Antonio Silva as Lead Plaintiff in the Action and Pomerantz LLP ("Pomerantz") as Lead Counsel for the putative class. *Id.*

E.  On September 4, 2020, Lead Plaintiff filed an Amended Complaint. Dkt. No. 48. The Amended Complaint asserted claims against Defendants under Section 10(b) of the Securities Exchange of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act. The Amended Complaint alleged, among other things, that during the Settlement Class Period, Defendants made false and misleading statements concerning iAnthus's financing arrangements, from May 2018 through the planned restructuring that it announced in July 2020. The Amended Complaint alleged that iAnthus's stock price was artificially inflated as a result of these alleged false and misleading statements, and that iAnthus's stock price declined when the truth regarding the alleged misrepresentations was revealed.

2

F.    Defendants filed motions to dismiss the Amended Complaint on November 20, 2020. Dkt. Nos. 61-69. Lead Plaintiff filed its briefing in opposition to Defendants' motions to dismiss on January 8, 2021. Dkt. Nos. 73-74. Defendants filed their respective reply briefing in further support of their motions to dismiss on February 22, 2021. Dkt. Nos. 77-80. In an Order dated August 30, 2021, the Court dismissed the Amended Complaint solely on the ground that Lead Plaintiff did not adequately plead "'transactions in securities listed on domestic exchanges' or a 'domestic transaction in other securities,'" as required by *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010). Dkt. No. 81. The Court, however, granted Lead Plaintiff permission to move for leave to file a proposed second amended complaint. *Id.* at 19.

G.    On October 1, 2021, Lead Plaintiff filed a Motion for Leave to File the Second Consolidated Amended Class Action Complaint arguing that the Proposed Second Amended Complaint satisfies *Morrison* because it provides details confirming that Lead Plaintiff engaged in "domestic transactions" under *Morrison*. Dkt. Nos. 82-84. Defendants took no position on the motion to amend, which was granted in an Order dated November 3, 2021. Dkt. No. 90.

H.    Pursuant to the November 3, 2021 Order, Plaintiffs filed a Second Amended Complaint (the "Complaint"), asserting the same claims set forth in the Amended Complaint and adding certain additional factual allegations that Lead Plaintiff engaged in "domestic transactions" under *Morrison*.  Dkt. No. 91.

I.    On December 20, 2021, Defendants filed motions to dismiss the Complaint. Dkt. Nos. 93-101. Lead Plaintiff filed its briefing in opposition to Defendants' motions to dismiss on February 3, 2022. Dkt. Nos. 102-103. Defendants filed their respective reply briefing in further support of their motions to dismiss on March 21, 2022. Dkt. Nos. 108-109.

J.      In an Order dated September 28, 2022, the Court granted in part and denied in part Defendants' motions to dismiss the Complaint. Dkt. No. 112. In denying in part Defendants' motions to dismiss, the Court held that Lead Plaintiff adequately alleges that Defendants made certain materially false and misleading statements concerning particular aspects of iAnthus's relationship with GGP. *Id.* The Court also held that, with regard to the materially false and misleading statements that Lead Plaintiff adequately alleges, the Complaint adequately pleads a strong inference of scienter against all of the Defendants, as well as loss causation and reliance. *Id.*

K.      On January 17, 2023, the Parties participated in a private mediation with Jed D. Melnick, Esq., an experienced JAMS mediator.  In advance of the mediation, the Parties submitted and exchanged detailed mediation statements and exhibits, which addressed, among other things, issues related to liability, loss causation, and damages.  The Parties participated in a full day, in-person mediation session at the offices of JAMS in New York City. The Parties were not able to reach agreement at the mediation, but continued discussions. Following the mediation, the Parties reached an agreement in principle to settle the Action for a payment of $2,900,000.00 for the benefit of the Settlement Class, subject to the execution of a settlement stipulation and related papers.

L.      This Stipulation (together with the exhibits hereto and the Supplemental Agreement) has been duly executed by the undersigned signatories on behalf of their respective clients and reflects the final and binding settlement agreement between the Parties.

M.      Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiff and the other members of the Settlement Class, and

in their best interests.  Based on Lead Plaintiff's direct oversight of the prosecution of this matter, and with the advice of his counsel, Lead Plaintiff has agreed to settle and release the claims raised in the Action against Defendants pursuant to the terms and provisions of this Stipulation, after considering:  (a) the substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; (b) the significant risks of continued litigation and trial against Defendants; and (c) the desirability of permitting the settlement to be consummated as provided by the terms of this Stipulation.

N.      This Stipulation constitutes a compromise of matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.  Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.  Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed, and prosecuted by Lead Plaintiff in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate, and reasonable.

NOW, THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Lead Plaintiff's Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Lead Plaintiff's Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

a.      "Action" means the putative securities class action currently pending in the United States District Court for the Southern District of New York styled *In re iAnthus Capital Holdings, Inc. Securities Litigation*, Case Nos: 1:20-cv-03135-LAK and 1:20-cv-03513-LAK.

b.      "Authorized Claimant" means a Settlement Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

c.      "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

d.      "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

e.      "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

f.      "Claims Administrator" means A.B. Data, Ltd., the firm retained by Lead Plaintiff and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

g.      "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

h.      "Complaint" means the Second Amended Class Action Complaint For Violations Of The Federal Securities Laws filed by Lead Plaintiff on November 3, 2021. Dkt. No. 91.

i.      "Court" means the United States District Court for the Southern District of New York.

j.      "Defendants" means iAnthus, GGP, and the Individual Defendants.

k.      "Defendants' Counsel" means Levine Lee LLP, Perkins Coie LLP, and Reed Smith LLP.

l.      "Defendants' Releasees" means Defendants and any and all of their related parties in any forum, including, without limitation, any and all of their current or former parents, subsidiaries, affiliates, predecessors, successors, divisions, investment funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers in their capacities as such, as

7

well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

m.      "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 36 of this Stipulation have been met, have occurred, or have been waived.

n.      "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

o.      "Escrow Agent" means The Huntington National Bank.

p.      "Final," with respect to the Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) calendar days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified); or (iii) the procedures for determining Authorized Claimants' recognized claims, or distribution of the Net Settlement Fund to Authorized Claimants, shall not in any way delay or preclude a judgment from becoming Final.

8

q.    "GGP" means Gotham Green Partners, LLC.

r.    "iAnthus" means iAnthus Capital Holdings, Inc.

s.    "Individual Defendants" means Hadley C. Ford, Julius John Kalcevich, and Jason Adler.

t.    "Judgment" means the final judgment and order to be entered by the Court approving the Settlement and dismissing the Action with prejudice (a proposed draft of which is attached hereto as Exhibit B).

u.    "Lead Counsel" means Pomerantz LLP.

v.    "Lead Plaintiff" means Jose Antonio Silva.

w.    "Lead Plaintiff's Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action, including Bronstein, Gewirtz & Grossman, LLC.

x.    "Lead Plaintiff's Releasees" means (i) Lead Plaintiff, all members of the Settlement Class, Lead Counsel and all other counsel for Lead Plaintiff, (ii) each of their respective immediate family members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related entities, and affiliates, any trust of which any Settlement Class Member is the settler or which is for the benefit of any Settlement Class Member and/or member(s) of his or her immediate family, and (iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managing directors, employees, contractors, consultants, auditors, accountants, financial advisors, investment bankers, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, and any controlling person thereof, in their capacities as such, and any entity in which a Settlement Class Member has a controlling interest. Lead Plaintiff's

9

Releasees do not include any persons and entities who or which exclude themselves by submitting a request for exclusion from the Settlement Class that is accepted by the Court.

y.    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the reimbursement of lost wages, costs, and expenses of Lead Plaintiff directly related to Lead Plaintiff's representation of the Settlement Class), for which Lead Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

z.    "Net Settlement Fund" means the Settlement Fund less costs, expenses, or fees, including: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) reimbursement of Lead Plaintiff's time and expenses pursuant to PSLRA.

aa.    "Notice" means the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which shall be made available online at a website maintained by the Claims Administrator or mailed to Settlement Class Members upon request.

bb.    "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

cc.    "Parties" means Defendants and Lead Plaintiff, on behalf of himself and the Settlement Class.

dd.    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

ee.    "Postcard Notice" means Postcard Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-4, which is to be mailed to Settlement Class Members.

ff.    "Preliminary Approval Order" means the order (a proposed draft of which is attached hereto as Exhibit A) to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

gg.    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

hh.    "Released Claims" means all Released Defendants' Claims and all Released Lead Plaintiff's Claims.

ii.    "Released Defendants' Claims" means any and all claims, demands, losses, rights, liabilities, obligations, damages, issues, and causes of action of every nature and description, whether known or Unknown Claims, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, or any other law, rule, or regulation, at law or in equity that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims

11

against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

jj.    "Released Lead Plaintiff's Claims" means any and all claims, demands, losses, rights, liabilities, obligations, damages, issues, and causes of action of every nature and description, whether known or Unknown Claims, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, or any other law, rule, or regulation, at law or in equity, that Lead Plaintiff or any other member of the Settlement Class: (a) asserted in the Action pursuant to domestic transactions or securities listed on a domestic exchange; or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate in any way to, both (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action and (2) the purchase, acquisition, transfer, or sale of iAnthus securities during the Settlement Class Period pursuant to domestic transactions or securities listed on a domestic exchange. The Release shall include a waiver of any rights under California Civil Code § 1542 and other similar applicable state statutes. The Release shall not include (i) claims to enforce the Settlement or (ii) claims, other than those involving domestic transactions, asserted in the Canadian class actions captioned *Timothy Kwong v. iAnthus Capital Holdings, Inc., Hadley Ford, and Julius Kalcevich*, Court File Number CV-20-00644524, filed in the Ontario Superior Court of Justice.

kk.    "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Lead Plaintiff's Releasees.

ll.    "Releases" means the releases set forth in ¶¶ 5-8 of this Stipulation.

12

mm.    "Settlement" means the settlement between Lead Plaintiff and Defendants on the terms and conditions set forth in this Stipulation.

nn.    "Settlement Amount" means two million, nine-hundred-thousand dollars ($2,900,000) in cash.

oo.    "Settlement Class" means all persons and entities who purchased or otherwise acquired iAnthus securities between May 14, 2018 and July 10, 2020, both dates inclusive, pursuant to domestic transactions, and were allegedly damaged thereby. Excluded from the Settlement Class are (i) Defendants, (ii) current and former officers and directors of iAnthus and GGP; (iii) members of the immediate family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of iAnthus and GGP and the directors and officers of iAnthus, GGP, and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

pp.    "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

qq.    "Settlement Class Period" means the period between May 14, 2018, and July 10, 2020, inclusive.

rr.    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

ss.    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

13

tt.    "Summary Notice" means the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

uu.    "Supplemental Agreement" means the confidential Supplemental Agreement as defined in ¶ 40 below.

vv.    "Taxes" means (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes..

ww.    "Unknown Claims" means any Released Lead Plaintiff's Claims which Lead Plaintiff, any other Settlement Class Member, or any other Lead Plaintiff's Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Lead Plaintiff's Releasees and Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment, shall

14

have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff, Defendants, Settlement Class Members, and their respective Releasees acknowledge that they may hereafter discover facts in addition to or different from those which they or their counsel now know or believe to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and each Defendant shall have, and each Releasee by operation of the Judgment shall be deemed to have, fully, finally, and forever settled and released any and all Released Claims, known or Unknown Claims, suspected or unsuspected, contingent or non-contingent, whether or not hidden or concealed, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and each of the other Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver, and specifically the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims, was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2.      Solely for purposes of the Settlement and for no other purpose, the Parties stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3)

15

of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiff as representative for the Settlement Class; and (c) appointment of Lead Counsel as counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. For the avoidance of doubt, Defendants shall preserve the ability to challenge each of these issues to the extent the Settlement is terminated for any reason.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.        Promptly upon execution of this Stipulation, Lead Plaintiff will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement and Lead Counsel's application for an award of reasonable attorneys' fees and Litigation Expenses. Lead Plaintiff's motion for preliminary approval shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.        The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

5.        Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff shall, and each of the Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Lead Plaintiff's Claim

against the Defendants' Releasees, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release or shares in the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

6.      Upon the Effective Date, all Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and anyone claiming through or on behalf of any of them, will be permanently and forever barred and enjoined from, and shall be deemed to permanently covenant to refrain from, commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any capacity in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting the Released Lead Plaintiff's Claims against any of the Defendants' Releasees.

7.      Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Lead Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Lead Plaintiff's Releasees.  Claims to enforce the terms of the Stipulation are not released.

8.      Upon the Effective Date, to the extent allowed by law, this Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendants'

17

Releasees with respect to any Released Lead Plaintiff's Claims, or brought by a Defendant against any of the Lead Plaintiff's Releasees with respect to any Released Defendants' Claim.

9.      Notwithstanding ¶¶ 5-8 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

10.      The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants, without costs to any Party, except for the payments expressly provided for herein.

## THE SETTLEMENT CONSIDERATION

11.      In consideration of the Settlement and the release of the Released Lead Plaintiff's Claims against Defendants and the other Defendants' Releasees, Defendants and/or Defendants' director and officer liability insurers, on behalf of Defendants, shall cause the Settlement Amount to be deposited into the Escrow Account within thirty (30) calendar days following the later of (1) entry by the Court of an order preliminarily approving this Settlement and (2) the Lead Counsel or the Escrow Agent providing Defendants' Counsel with: (a) a tax identification number for the Escrow Account; (b) a completed wire transfer, ACH transfer, or similar anti-fraud payment request form signed by an authorized representative of the Escrow Account; and (c) all required wire and check funding instructions and information including payee name, telephone and e-mail contact information, and a physical address for the Escrow Agent.  The Settlement Amount represents the entirety of Defendants' financial obligations under this Stipulation and in connection with this Settlement, meaning that it includes all attorneys' fees and expenses, Notice and Administration Costs, Taxes, and costs of any kind whatsoever associated with the Settlement. The full payment of the entire Settlement Amount into the Escrow Account in accordance with this paragraph fully discharges Defendants' financial obligations under this Stipulation and in connection with the Settlement, meaning that none of the Defendants shall have any other

18

obligation to make any payment into the Escrow Account or to any Settlement Class Member, or any other Person, under this Stipulation or as part of the Settlement once the payment described in this paragraph has been made. In no event shall Defendants or any Defendants' Releasees have any responsibility for or liability with respect to the Escrow Agent or its actions.

**USE OF SETTLEMENT FUND**

12.    Subject to the terms and conditions of this Stipulation and the Settlement, the Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other award to Lead Plaintiff made by the Court pursuant to the PSLRA for reasonable costs and expenses (including lost wages).  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 21-34 below, or as otherwise ordered by the Court.

13.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  Additionally, if short-term placement of the funds is

19

necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

14.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of 26 CFR § 1.468B-1 and that Lead Counsel, as administrators of the Settlement Fund within the meaning of 26 CFR § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in 26 CFR § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement described in 26 CFR § 1.468B-3(e).  Lead Counsel, as administrators of the Settlement Fund within the meaning of 26 CFR § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in 26 CFR § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

15.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent or the Claims Administrator, without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Defendants and the other Defendants' Releasees shall have no responsibility or liability for the acts or omissions

20

of the Claims Administrator, the Escrow Agent, Lead Counsel, or their agents with respect to the payment of Taxes, as described herein.

16.    The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

17.    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, Notice and Administration Costs actually incurred and paid or payable, which shall not exceed $175,000.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Postcard Notice or Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to any of the Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## **ATTORNEYS' FEES AND LITIGATION EXPENSES**

18.    Lead Counsel will apply to the Court for a collective award of attorneys' fees to Lead Plaintiff's Counsel to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiff's lost wages, costs and expenses directly related to Lead Plaintiff's representation of the Settlement Class, to be paid from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation. Defendants shall take no position on Lead Counsel's fee and expense request.

19.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees or Litigation Expenses is reduced or reversed, and such order reducing or reversing the award has become Final.  Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees or Litigation Expenses has become Final.  An award of attorneys' fees or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to attorneys' fees or Litigation Expenses.

20.     Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the payment, allocation, or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Lead Plaintiff's Counsel shall be payable solely from the Settlement Fund in the Escrow Account. Lead Counsel shall allocate the attorneys' fees awarded amongst Lead Plaintiff's Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

## NOTICE AND SETTLEMENT ADMINISTRATION

21.     As part of the Preliminary Approval Order, Lead Plaintiff shall seek appointment of the Claims Administrator. The Claims Administrator shall administer the Settlement, including, but not limited to, the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than iAnthus's obligation to provide shareholder information as provided in ¶ 22 below, none of the Defendants nor any other Defendants' Releasees shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Settlement Class Members, or Lead Counsel, in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

22.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to (a) post downloadable copies of the Notice and Claim

23

Form online at www.iAnthusSecuritiesLitigation.com; and (b) have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, iAnthus shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) its transfer agent's lists of holders and sellers of record during the Settlement Class Period in electronic searchable form, such as Excel, which information the Claims Administrator shall treat and maintain as confidential.

23. The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim compared to the total recognized claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

24. The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants' Releasee, shall have any involvement with or liability, obligation, or responsibility

24

whatsoever in connection with the Plan of Allocation or any other Court-approved plan of allocation.

25. Any Settlement Class Member who does not submit a valid Claim Form by the deadline set by the Court (unless and to the extent the deadline is extended by the Court) will not be entitled to receive any distribution from the Net Settlement Fund, but will, nevertheless, upon the occurrence of the Effective Date, be bound by all of the terms of this Stipulation and Settlement (including the terms of the Judgment) and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any of the Defendants or any of the other Defendants' Releasees with respect to the Released Lead Plaintiff's Claims.

26. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in the Preliminary Approval Order (unless otherwise ordered by the Court): (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of this Stipulation, the Settlement, and all proceedings, determinations, orders, and judgments in the Action relating to the Settlement, including, but not limited to, the Judgment, and the Releases provided for therein whether favorable or unfavorable to the Settlement Class; and (d) shall be barred from commencing, maintaining, or prosecuting any of the Released Lead Plaintiff's Claims against any of the Defendants' Releasees.

27. Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasee, shall be permitted to review, contest or object to

25

any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

28. The Net Settlement Fund shall be distributed to Authorized Claimants only after the later of the Effective Date; the Court having approved a plan of allocation in an order that has become Final; and the Court issuing a Class Distribution Order that has become Final.

29. For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a. Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

b. All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless extended by the Court. Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and by the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with

26

respect to any Released Lead Plaintiff Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

c.    Each Claim Form shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

d.    Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

e.    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for

27

contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court, on reasonable notice to Defendants' Counsel.

30.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

31.    Lead Counsel will apply to the Court for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account not already approved by the Court; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

32.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members. All Settlement Class Members who do not submit a Claim or whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action; and by the Releases provided for herein and therein, and will be permanently barred and enjoined

28

from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Lead Plaintiff's Claims.

33. No Claimant or Settlement Class Member shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, Defendants, Defendants' Counsel, any Parties' damages experts, the Escrow Agent, the Claims Administrator (or any other agent designated by Lead Counsel), or the Defendants' Releasees based on any investments, costs, expenses, administration, allocations, calculation, payments, the withholding of taxes (including interest and penalties) owed by the Settlement Fund (or any losses incurred in connection therewith), or distributions that are made substantially in accordance with this Stipulation and the Settlement, the plan of allocation approved by the Court, or further orders of the Court.

34. All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

<u>**TERMS OF THE JUDGMENT**</u>

35. If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

<u>**CONDITIONS OF SETTLEMENT AND EFFECT OF**</u>
<u>**DISAPPROVAL, CANCELLATION OR TERMINATION**</u>

36. The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

a.    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

b.    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 11 above;

c.    the time for Defendants to exercise their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 43 below) has expired or otherwise been waived;

d.    the time for Lead Plaintiff to exercise his option to terminate the Settlement pursuant to the provisions of this Stipulation has expired or otherwise been waived; and

e.    the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final.

37.    Upon the occurrence of all of the events referenced in ¶ 36 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

38.    If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiff exercises his right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

a.    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

b.    Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of the day before this Stipulation is fully executed.

c.      The terms and provisions of this Stipulation, with the exception of this ¶ 38 and ¶¶ 17, 19, 44 and 65, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

d.      Within five (5) business days after the cancellation and termination of the Settlement as set forth herein, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 19 above), less any expenses and any costs which have either been disbursed or incurred and chargeable to Notice and Administration Costs and less any Taxes paid or due or owing, shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) pursuant to Defendants' instructions, to be provided in the event of a termination.  In the event that the funds received by Lead Counsel consistent with ¶ 19 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) pursuant to Defendants' instructions, to be provided in the event of a termination, immediately upon those funds' deposit into the Escrow Account consistent with ¶ 19 above.

39.     It is further stipulated and agreed that Lead Plaintiff and Defendants, provided they unanimously agree, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so (the "Termination Notice") to the other Parties to this Stipulation within thirty (30) calendar days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the

31

Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment is modified or reversed in any material respect. Without limitation, any reduction in the scope of the definition of the "Settlement Class" or the "Released Lead Plaintiff's Claims" is deemed to be material. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation, shall not be considered material to the Settlement, shall not affect the finality of any Judgment and shall not be grounds for termination of the Settlement.

40.    In addition to the grounds set forth in ¶ 39 above, iAnthus shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in the confidential supplemental agreement with Lead Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that Agreement as set forth in ¶ 41 below.

## OPT-OUTS & OPT-OUT THRESHOLD

41.    All persons and entities who are entitled to be Settlement Class Members ("Potential Settlement Class Members") shall have the right to exclude themselves, or opt out, from the Settlement Class.  Such Potential Settlement Class Members who wish to elect to opt out must submit a request for exclusion that satisfies the requirements set forth in the Notice to the Claims Administrator by no later than 21 calendar days before the Settlement Hearing (the "Opt-out Deadline").  All Potential Settlement Class Members who validly opt out shall be excluded from any and all rights and obligations under the Settlement, but those who do not opt out in the manner and time prescribed in this Stipulation shall be deemed to be members of the Settlement Class regardless of whether such person or entity timely files a Proof of Claim, unless otherwise ordered by the Court.

32

42.     No later than seven (7) calendar days following the Opt-out Deadline, the Claims Administrator shall provide to Defendants' Counsel and Lead Counsel copies of all exclusion requests.

43.     Simultaneously herewith, Lead Counsel and Defendants' Counsel are executing a Supplemental Agreement setting forth certain conditions under which this Settlement may be terminated by iAnthus if the number of shares by Potential Settlement Class Members who exclude themselves from the Settlement Class by timely submitting valid exclusion requests exceeds the Opt-out Threshold (as defined in the Supplemental Agreement).  The Supplemental Agreement shall not be filed with the Court unless a dispute arises with respect to its terms or application or if the Court requires disclosure of the Supplemental Agreement or some or all of its contents.  If required by the Court, the Supplemental Agreement and/or any of its terms may be disclosed to the Court *in camera* for purposes of approval of the Settlement, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the Opt-out Threshold. In the event that the Court requires the Supplemental Agreement or some or all of its contents to be publicly disclosed, including in the Notice and/or filed with the Court, all terms of the Supplemental Agreement other than those relating to confidentiality shall remain in full force and effect, and any such requirement by the Court for disclosure of the Supplemental Agreement or some or all of its contents shall not constitute a basis for any Party to void the Settlement.  In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation and Settlement shall become null and void and of no further force and effect, except that the provisions of ¶¶ 17, 19, 38, 44, and 65 above shall survive termination.

## NO ADMISSION OF WRONGDOING

44.    Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the documents prepared to effectuate the Settlement (including but not limited to the "MOU" the Parties entered into following their mediation), the Judgment, the Supplemental Agreement, the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation or approval of the Settlement (including any arguments proffered in connection therewith):

a.    shall be (i) offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to (a) the truth of any fact alleged by Lead Plaintiff; (b) the validity of any claim that was or could have been asserted in this Action or in any other litigation; (c) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; (d) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; or (e) any class certification or damages issues; or (ii) in any way referred to for any other reason against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

b.    shall be (i) offered against any of the Lead Plaintiff's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Lead Plaintiff's Releasees (a) that any of their claims are without merit, that any of the Defendants had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (b) with respect to any

34

liability, negligence, fault or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Lead Plaintiff's Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

c.    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

45.    All of the exhibits attached hereto, and the Supplemental Agreement are material and integral parts hereof and are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

46.    As set forth in the Class Action Fairness Act of 2005 ("CAFA"), iAnthus shall timely serve the notices required by 28 U.S.C. § 1715 within ten (10) calendar days of the filing of this Stipulation with the Court.  iAnthus shall be responsible for all costs and expenses related thereto.

47.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, then, at the election of Lead Plaintiff, Lead Plaintiff and Defendants shall jointly move

35

the Court to vacate and set aside the Releases given and the Judgment, in which event the Releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 38 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 38.

48.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Lead Plaintiff's Claims.  Accordingly, except in the event of the termination of this Settlement, Lead Plaintiff, Lead Plaintiff's Counsel, Defendants, and Defendants' Counsel agree not to assert in any forum that this Action was brought by Lead Plaintiff or defended by Defendants in bad faith and without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

49.    While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  Likewise, while

retaining their right to assert their claims in the action were meritorious, Lead Plaintiff and Lead Plaintiff's Counsel, in any statement made to any media representative (whether or not for attribution) will not assert that Defendants' defenses were asserted in bad faith, nor will they deny that Defendants defended the Action in good faith and that the action is being settled voluntarily after consultation with competent legal counsel.  In all events, Lead Plaintiff, Lead Plaintiff's Counsel, Defendants, and Defendants' Counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, or resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

50.    Defendant Releasees may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense, claim, or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

51.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

52.    All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided.  In computing any period of time prescribed or allowed by the terms of this Stipulation or by order of Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which case the period shall run until the end of the next day that is not one of the aforementioned days.  As used

in the preceding sentence, "legal holiday" bears the meaning assigned to it in Federal Rule of Civil Procedure 6(a)(6).

53.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

54.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses, and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

55.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

56.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiff and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

57.     This Stipulation may be executed in one or more counterparts and exchanged among the Parties by facsimile or email of the .pdf or .tif image of the signature.  The signatures so transmitted shall be given the same effect as the original signatures.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

58.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

59.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

60.     Any action arising under or to enforce this Stipulation, or any portion thereof, shall be commenced and maintained only in the Court.

61.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

62.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

63.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

39

64.    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery, facsimile, or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

If to Lead Plaintiff or Lead Counsel:    Pomerantz LLP
Attn: Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Email: jalieberman@pomlaw.com

If to Defendants:    Levine Lee LLP
Attn: Seth L. Levine
1500 Broadway, Suite 2501
New York, NY 10036
Telephone: (212) 223-4400
Email: slevine@levinelee.com

*Counsel for Defendants iAnthus Capital Holdings, Inc. and Julius John Kalcevich*

Reed Smith LLP
Attn: Ian M. Turetsky
599 Lexington Avenue, 22nd Floor
New York, NY 10022
P: (212) 521-5400
ituretsky@reedsmith.com

*Counsel for Defendants Gotham Green Partners and Jason Adler*

Perkins Coie LLP
Attn: Adam R. Mandelsberg
1155 Avenues of the Americas, 22nd Fl.
New York, NY 10036
P: (212) 261-6867
amandelsberg@perkinscoie.com

*Counsel for Defendant Hadley C. Ford*

65.    Except as otherwise provided herein, each Party shall bear its own costs.

66.     Whether or not the Stipulation is approved by the Court and whether or not the Settlement is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

67.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

68.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel, nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of March 21, 2023.


**POMERANTZ LLP**

By:_____
Jeremy A. Lieberman
Michael Grunfeld
Brandon M. Cordovi
600 Third Avenue, 20th Floor
New York, NY 10016
P: (212) 661-1100
jalieberman@pomlaw.com
mgrunfeld@pomlaw.com
bcordovi@pomlaw.com

**LEVINE LEE LLP**

By: */s/ Seth L. Levine*_____
Seth L. Levine
Chad P. Albert
1500 Broadway, Suite 2501
New York, New York 10036
P: (212) 223-4400
slevine@levinelee.com
calbert@levinelee.com

*Counsel for Defendants iAnthus Capital Holdings, Inc. and Julius John Kalcevich*

41

*Lead Counsel for Lead Plaintiff*
*and for the Settlement Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**

Peretz Bronstein
Eitan Kimelman
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-8209
Facsimile: (212) 697-7296
Email: peretz@bgandg.com
Email: eitank@bgandg.com

*Additional Counsel for Lead Plaintiff*

**REED SMITH LLP**

By: */s/ Ian M. Turetsky* _____
Ian M. Turetsky
James L. Sanders (*pro hac vice*)
Jason T. Mayer (*pro hac vice*)
Carla M. Wirtschafter (*pro hac vice*)
599 Lexington Avenue, 22nd Floor
New York, NY 10022
P: (212) 521-5400
ituretsky@reedsmith.com
jsanders@reedsmith.com
jmayer@reedsmith.com
cwirtschafter@reedsmith.com

*Counsel for Defendants Gotham Green Partners and Jason Adler*

**PERKINS COIE LLP**

By: */s/ Adam R. Mandelsberg*
Adam R. Mandelsberg
1155 Avenues of the Americas, 22nd Fl.
New York, NY 10036
P: (212) 261-6867
amandelsberg@perkinscoie.com

*Counsel for Defendant Hadley C. Ford*

42

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE iANTHUS CAPITAL HOLDINGS, INC. SECURITIES LITIGATION | No. 20-cv-03135-LAK<br>No. 20-cv-03513-LAK |
| THIS DOCUMENT RELATES TO:<br>Nos. 20-cv-03135 (Securities Class Action),<br>20-cv-03513 (Cedeno) | |

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, in connection with the above-captioned action (the "Action") (a) Lead Plaintiff Jose Antonio Silva ("Lead Plaintiff"), on behalf of himself and the Settlement Class (as defined below), and (b) Defendants iAnthus Capital Holdings, Inc. (""iAnthus""), Gotham Green Partners, LLC ("GGP"), and Hadley C. Ford ("Ford"), Julius John Kalcevich ("Kalcevich"), and Jason Adler ("Adler" and, together with Ford and Kalcevich, the "Individual Defendants"; and the Individual Defendants together with iAnthus and GGP, "Defendants"), have entered into a Stipulation and Agreement of Settlement dated March 21, 2023 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members, as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall

have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased or otherwise acquired iAnthus securities between May 14, 2018 and July 10, 2020, both dates inclusive, pursuant to domestic transactions, and were allegedly damaged thereby.  Excluded from the Settlement Class are (i) Defendants, (ii) current and former officers and directors of iAnthus and GGP; (iii) members of the immediate family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of iAnthus and GGP and the directors and officers of iAnthus, GGP, and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

2.      **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action on behalf of the Settlement Class is superior

to other available methods for the fair and efficient adjudication of the Action.

3.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff is an adequate class representative and certifies him as Class Representatives for the Settlement Class.  The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.      **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, at __:__ _.m. [a date that is at least 100 days after entry of this Order] in Courtroom 21-B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, or by telephonic, video conferencing or other electronic means, as posted on the website of the Claims Administrator, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, and any application for an award to the Lead Plaintiff, should be approved; and (e) to consider any other matters that may be properly

3

brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.     The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.     **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel are hereby authorized to retain A.B. Data, Ltd. to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)     within ten (10) business days of the date of entry of this Order, iAnthus shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its transfer agent's lists of holders and sellers of record during the Settlement Class Period in electronic searchable form, such as Excel, which information the Claims Administrator shall treat and maintain as confidential;

(b)     not later than twenty-one (21) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall commence mailing the Postcard Notice, substantially in the form attached hereto as Exhibit A-4 by first-class mail to potential Settlement Class Members at the addresses set forth in the records which iAnthus caused to be provided, or who otherwise may be identified through further reasonable effort, and shall post the Postcard Notice on its website at www.iAnthusSecuritiesLitigation.com;

(c)     contemporaneously with the mailing of the Postcard Notice, the Claims

Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits A-1 and A-2, respectively, to be posted on the website www.iAnthusSecuritiesLitigation.com, from which copies of the Notice and Claim Form can be downloaded;

(d)    not later than twenty-one (21) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)    not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, the Summary Notice, and the Postcard Notice attached hereto as Exhibits A-1, A-2, A-3, and A-4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of an application for an award to the Lead Plaintiff, of the Settlement Class Members' right to object to the Settlement, the Plan of Allocation, Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, or an application for an award to the Lead Plaintiff, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient

5

notice to all persons and entities entitled to receive notice of the proposed Settlement; and

(iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States

Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of

1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules.  The date and time

of the Settlement Hearing shall be included in the Postcard Notice, Notice and Summary Notice

before they are mailed and published, respectively.

9.      **Nominee Procedures** – Brokers and other nominees who purchased or otherwise

acquired iAnthus securities during the Settlement Class Period for the benefit of another person or

entity shall (a) within seven (7) calendar days of receipt of the Postcard Notice request from the

Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial

owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to

all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice,

send a list of the names and addresses of all such beneficial owners to the Claims Administrator in

which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial

owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their

reasonable expenses actually incurred in complying with this Order up to a maximum of $0.15 per

name and address provided to the Claims Administrator; up to $0.15 per Notice or Postcard Notice

actually mailed, plus postage at a maximum rate of $0.45 per Notice or Postcard Notice; or up to

$0.05 per link to the Notice or Postcard Notice transmitted by email, by providing the Claims

Administrator with proper documentation supporting the expenses for which reimbursement is

sought.  Such properly documented expenses incurred by nominees in compliance with the terms

of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or

documentation of expenses incurred subject to review by the Court.

10.    **<u>Participation in the Settlement</u>** – Settlement Class Members who wish to participate in the Settlement and to be potentially eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than seven (7) calendar days after the Settlement Hearing.  Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete, must contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

12.    Any Settlement Class Member who or which does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have

7

waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Lead Plaintiff's Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13.    **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: iAnthus Securities Litigation, c/o A.B. Data, Ltd, P.O. Box 173041, Milwaukee, WI 53217, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re iAnthus Capital Holdings, Inc. Securities Litigation*, Case No.: 1:20-cv-03135-LAK"; (iii) state the identity and number of iAnthus securities that the person or entity requesting exclusion purchased/acquired and sold in domestic transactions during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of securities held at the beginning of the Settlement Class Period; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not

8

be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15.     Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Lead Plaintiff's Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

16.     **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to representatives of both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17.    Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses or any application for an award to the Lead Plaintiff and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses or any application for an award to the Lead Plaintiff should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, or the motion for attorneys' fees and reimbursement of Litigation Expenses or any application for an award to the Lead Plaintiff unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Pomerantz LLP | Levine Lee LLP |
| Jeremy A. Lieberman | Attn: Seth L. Levine |
| 600 Third Avenue, 20th Floor | 1500 Broadway, Suite 2501 |
| New York, NY 10016 | New York, NY 10036 |
| | |
| | Reed Smith LLP |
| | Attn: Ian M. Turetsky |
| | 599 Lexington Avenue, 22nd Floor |
| | New York, NY 10022 |
| | |
| | Perkins Coie LLP |
| | Attn: Adam R. Mandelsberg |
| | 1155 Avenues of the Americas, 22nd Fl |
| | New York, NY 10036 |

18.    Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting

10

and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the identity and number of iAnthus securities that the objecting Settlement Class Member purchased/acquired and sold in domestic transactions during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of securities held at the beginning of the Settlement Class Period.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.    Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses or any application for an award to the Lead Plaintiff and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20.    **Stay** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court

11

bars and enjoins Lead Plaintiff, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Lead Plaintiffs' Claims against each and all of the Defendants' Releasees.

21.    **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation and shall not exceed $175,000 without further approval of the Court.

22.    **Payment of the Settlement Fund** – On or before thirty (30) calendar days after the later of: (i) entry of this Order, and (ii) Lead Counsel or the Escrow Agent providing Defendants' Counsel with: (a) a tax identification number for the Escrow Account; (b) a completed wire transfer, ACH transfer, or similar anti-fraud payment request form signed by an authorized representative of the Escrow Account; and (c) all required wire and check funding instructions and information including payee name, telephone and e-mail contact information, and a physical address for the Escrow Agent, Defendants shall cause two million, nine-hundred-thousand United States Dollars ($2,900,000) in cash to be paid to the Escrow Agent pursuant to ¶ 11 of the Stipulation.

23.    The contents of the Settlement Fund held by The Huntington National Bank, for which The Huntington National Bank will serve as the Escrow Agent, shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation or further order(s) of the Court.

24.    **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement

Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of March 20, 2023, as provided in the Stipulation.

26.     **Use of this Order** – Neither this Order nor the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, and the documents prepared to effectuate the Settlement (including but not limited to the "MOU" the Parties entered into following their mediation), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall (i) be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to, (aa) the truth of any fact alleged by Lead Plaintiff; (bb) the validity of any claim that was or could have been asserted in the Action or in any other litigation; (cc) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; (dd) any liability, negligence, fault, or other

13

wrongdoing of any kind of any of the Defendants' Releasees or (ee) any class certification or damages issues; or (ii) in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be (i) offered against any of the Lead Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Lead Plaintiff's Releasees (aa) that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (bb) with respect to any liability, negligence, fault, or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Lead Plaintiff's Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27.    **Supporting Papers** – Lead Counsel shall file the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to

14

the Settlement Hearing; and Lead Plaintiff and Lead Counsel are authorized to file reply papers, which shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

28.     **CAFA Notice** – Defendants shall, no later than ten (10) calendar days following the filing of the Stipulation with the Court, serve upon the appropriate state and federal officials a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  At least fourteen (14) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

29.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2023.

_____
The Honorable Lewis A. Kaplan
United States District Judge

15

# EXHIBIT A-1

EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE iANTHUS CAPITAL HOLDINGS, INC. SECURITIES LITIGATION | No. 20-cv-03135-LAK<br>No. 20-cv-03513-LAK |
| THIS DOCUMENT RELATES TO:<br>Nos. 20-cv-03135 (Securities Class Action), 20-cv-03513 (Cedeno) | |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT OF CLASS ACTION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court"), if, during the period from May 14, 2018 through July 10, 2020, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired iAnthus Capital Holdings, Inc. ("iAnthus") securities pursuant to domestic transactions, and were allegedly damaged thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiff, Jose Antonio Silva ("Lead Plaintiff"), on behalf of himself and the Settlement Class (as defined in paragraph 18 below), have reached a proposed settlement of the Action for $2,900,000.00 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact iAnthus, any other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (see paragraph 80 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants iAnthus, Gotham Green Partners, LLC ("GGP"), Hadley C. Ford ("Ford"),

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation And Agreement Of Settlement (the "Stipulation"), which is available at www.iAnthusSecuritiesLitigation.com.

Julius John Kalcevich ("Kalcevich"), and Jason Adler ("Adler" and, together with Ford and Kalcevich, the "Individual Defendants," and together with iAnthus and GGP, "Defendants")) violated the federal securities laws by making false and misleading statements related to iAnthus's dealings with GGP, its primary lender. A more detailed description of the Action is set forth in paragraphs 11-17 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 18 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of himself and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $2,900,000.00 in cash (the "Settlement Amount") to be deposited into an interest-bearing escrow account. The Net Settlement Fund (i.e., the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, (d) any attorneys' fees awarded by the Court, and (e) reimbursement of Lead Plaintiff's time and expenses pursuant to the Private Securities Litigation Reform Act) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 44-64 below.

3. **Estimate of Average Amount of Recovery Per Security:** Based on Lead Plaintiff's damages expert's estimates of the number of iAnthus securities purchased during the Settlement Class Period in domestic transactions that may have been affected by the alleged conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per allegedly damaged security is $0.07. Settlement Class Members should note, however, that the foregoing average recovery per security is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their iAnthus securities, and the total number and recognized loss amount of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (see paragraphs 44-64 below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Alleged Damages Per Security:** The Parties do not agree on the average amount of alleged damages per security that would be recoverable if Lead Plaintiff were to prevail in the Action. Among other things, Defendants deny the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Lead Plaintiff's Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel Pomerantz LLP will apply to the Court for an award of attorneys' fees in an amount not to exceed 33.3% (i.e., one-third) of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed

2

$250,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  An estimate of the average cost per allegedly damaged iAnthus security, if the Court approves Lead Counsel's fee and expense application, is $0.03 per allegedly damaged security. In addition, Lead Counsel may apply for an award to Lead Plaintiff in connection with their representation of the Settlement Class in an amount not to exceed $15,000.

6.      **Identification of Attorneys' Representatives:**  Lead Plaintiff and the Settlement Class are represented by Jeremy A. Lieberman (jalieberman@pomlaw.com) and Michael Grunfeld (mgrunfeld@pomlaw.com) of Pomerantz LLP ("Pomerantz"), 600 Third Avenue, 20th Floor, New York, NY, 10016; as well as Peretz Bronstein (peretz@bgandg.com) of Bronstein, Gewirtz & Grossman ("BGG"), LLC 60 East 42nd Street, Suite 4600, New York, NY 10165.

7.      **Reasons for the Settlement:**  Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after further contested motions, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

Before agreeing to the Settlement, Lead Counsel conducted extensive investigation and research into the merits of the Action. This investigation included consultation with experts concerning the amount of damages allegedly suffered by the Class; detailed review of iAnthus's public filings, including SEC filings, press releases, and other public statements; locating and interviewing fact witnesses; and researching the applicable law with respect to the claims asserted in the complaint filed in this Action and the potential defenses thereto.

EXHIBIT A-1

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2023.** | This is the only way to be potentially eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Lead Plaintiff's Claims (defined in paragraph 27 below) that you have against Defendants and the other Defendants' Releasees (defined in paragraph 28 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2023.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Lead Plaintiff's Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2023.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **ATTEND A HEARING ON _____, 2023 AT \_\_:\_\_ \_\_.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2023.** | Filing a written objection and notice of intention to appear by _____, 2023, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice?                                                                Page __
What Is This Case About?                                                                   Page __
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Settlement Class?                                  Page __
What Are Lead Plaintiff's Reasons For The Settlement?                        Page __
What Might Happen If There Were No Settlement?                               Page __
How Are Settlement Class Members Affected By The Action
  And The Settlement?                                                              Page __
How Do I Participate In The Settlement?  What Do I Need To Do?           Page __
How Much Will My Payment Be?                                                        Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
 How Will The Lawyers Be Paid?                                                      Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself?                                                  Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
  Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
  Don't Like The Settlement?                                                      Page __
What If I Bought iAnthus Securities On Someone Else's Behalf?         Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions?   Page __

| WHY DID I GET THIS NOTICE? |
|---|

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired iAnthus securities during the Settlement Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  See paragraph 71 below for details about the Settlement Hearing, including the date and location of the hearing.

5

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.    On April 20, 2020, Donald W. Finch commenced this Action in the United States District Court for the Southern District of New York (the "Court"), styled *Donald W. Finch v. iAnthus Capital Holdings, Inc., et al.*, Case No. 1:20-cv-03135-LAK.  On May 5, 2020, Peter L. Cedeno also filed a putative class action complaint against iAnthus, GGP, Ford, Kalcevich, and Adler styled as *Peter L. Cedeno v. iAnthus Capital Holdings, Inc., et al.*, case No. 1:20-cv-03513-PGG.

12.    By Order dated July 9, 2020, the United States District Court for the Southern District of New York consolidated *Peter L. Cedeno v. iAnthus Capital Holdings, Inc., et al.*, and *Donald W. Finch  v. iAnthus Capital Holdings, Inc., et al.* under the caption *In re iAnthus Capital Holdings, Inc. Securities Litigation*, Case No.: 1:20-cv-03135-LAK. In the same Order, the Court appointed Jose Antonio Silva as Lead Plaintiff and approved Lead Plaintiff's selection of Pomerantz LLP as Lead Counsel for the proposed class.

13.    On November 3, 2021, Lead Plaintiff filed his Second Amended Class Action Complaint (the "Complaint"), on behalf of the Settlement Class, asserting claims against Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  The Complaint alleges, among other things, that during the Settlement Class Period (as defined below), Defendants made false and misleading statements concerning iAnthus's financing arrangements from May 2018 through the planned restructuring that it announced in July 2020.  The Complaint further alleges that the price of iAnthus securities was artificially inflated as a result of Defendants' false and misleading statements, and that the price of iAnthus securities declined when the truth regarding Defendants' alleged misrepresentations was revealed.  By Order dated September 28, 2022, the Court denied in part and granted in part Defendants' motions to dismiss. In denying in part the Defendants' motions to dismiss, the Court held that Lead Plaintiff adequately alleges that Defendants made certain materially false and misleading statements concerning particular aspects of iAnthus's financing arrangements, from May 2018 through the planned restructuring that it announced in July 2020.  For the next four months, the Parties engaged in extensive negotiation regarding how the litigation would proceed.

14.    Lead Plaintiff and Defendants participated in a mediation session on January 17, 2023, before nationally recognized mediator Jed D. Melnick, Esq. The Parties were not able to reach agreement at the mediation, but continued discussions. Following the mediation, the Parties reached an agreement in principle to settle the Action for a payment of $2,900,000.00 for the benefit of the Settlement Class, subject to the execution of a settlement stipulation and related papers.

15.    Based on their investigation, discovery, prosecution, and mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of the Stipulation are fair,

reasonable, and adequate to Lead Plaintiff and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiff's oversight of the prosecution of this matter and with the advice of his counsel, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; (b) the significant risks and costs of continued litigation and trial; and (c) the desirability of permitting the proposed Settlement to be consummated as provided by the terms of the Stipulation.

16.    The Stipulation and the Settlement constitute a compromise of matters that are in dispute among the Parties. Defendants have entered into the Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and the Settlement and Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. The Stipulation and the Settlement also shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of an infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

17.    On _____, 2023, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider, among other things, whether to grant final approval to the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

---

18.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons and entities who purchased or otherwise acquired iAnthus securities between May 14, 2018 and July 10, 2020, both dates inclusive, pursuant to domestic transactions, and were allegedly damaged thereby.

Excluded from the Settlement Class are (i) Defendants, (ii) current and former officers and directors of iAnthus and GGP; (iii) members of the immediate family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of iAnthus and GGP and the directors and officers of iAnthus, GGP, and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion. See "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?" on page 19 below.

EXHIBIT A-1

In order to submit a valid claim, you will need to show that you engaged in domestic transactions in iAnthus securities. You may do this by demonstrating that you: (1) transacted in iAnthus shares that traded under the ticker symbol "ITHUF"; (2) made your purchases while located in the United States; (3) made your purchases from a brokerage account located in the United States; and (4) made your purchases in United States dollars.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE POTENTIALLY ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2023.**

| **WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?** |
| --- |

19.   Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through further motion practice, trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Lead Plaintiff and Lead Counsel recognized that Defendants had numerous avenues of attack that could preclude a recovery.  For example, Defendants would assert that their statements were not materially false and misleading, and that even if they were, they did not cause any damage to the Settlement Class. Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be hotly contested.  Lead Plaintiff would have to prevail at several stages – class certification, motions for summary judgment, trial, and if they prevailed on those, on the appeals that would be likely to follow. Thus, there were very significant risks attendant to the continued prosecution of the Action.

20.   In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.  Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $2,900,000.00 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller or no recovery after class certification, summary judgment, trial, and appeals, possibly years in the future.

21.   Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the uncertainty burden, and expense of continued litigation. Accordingly, as noted above, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

8

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

22.    If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at class certification, summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

23.    As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

24.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" below.

25.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

26.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Lead Plaintiff's Claim (as defined in paragraph 27 below) against the Defendants and the other Defendants' Releasees (as defined in paragraph 28 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Lead Plaintiff's Claims against any of the Defendants' Releasees.

27.    "Released Lead Plaintiff's Claims" means any and all claims, demands, losses, rights, liabilities, obligations, damages, issues, and causes of action of every nature and description, whether known or Unknown Claims, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory

9

and whether arising under federal, state, common, or foreign law, or any other law, rule, or regulation, at law or in equity, that Lead Plaintiff or any other member of the Settlement Class: (a) asserted in the Action pursuant to domestic transactions or securities listed on a domestic exchange; or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate in any way to, both (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action and (2) the purchase, acquisition, transfer, or sale of iAnthus securities during the Settlement Class Period pursuant to domestic transactions or securities listed on a domestic exchange. The Release shall include a waiver of any rights under California Civil Code § 1542 and other similar applicable state statutes. The Release shall not include (i) claims to enforce the Settlement or (ii) claims, other than those involving domestic transactions, asserted in the Canadian class actions captioned Timothy Kwong v. iAnthus Capital Holdings, Inc., Hadley Ford, and Julius Kalcevich, Court File Number CV-20-00644524, filed in the Ontario Superior Court of Justice.

28.    "Defendants' Releasees" means Defendants and any and all of their related parties in any forum, including, without limitation, any and all of their current or former parents, subsidiaries, affiliates, predecessors, successors, divisions, investment funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

29.    "Unknown Claims" means any Released Lead Plaintiff's Claims which Lead Plaintiff, any other Settlement Class Member, or any other Lead Plaintiff's Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Lead Plaintiff's Releasees and Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff, Defendants, Settlement Class Members, and their respective Releasees acknowledge that they may hereafter discover facts in addition to or different from those which they or their counsel now know or believe to be true with respect to the subject matter of the Released Claims, but the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs

and each Defendant shall have, and each Releasee by operation of the Judgment shall be deemed to have, fully, finally, and forever settled and released any and all Released Claims, known or Unknown Claims, suspected or unsuspected, contingent or non-contingent, whether or not hidden or concealed, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and each of the other Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver, and specifically the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims, was separately bargained for and a key element of the Settlement.

30.     "Released Defendants' Claims" means any and all claims, demands, losses, rights, liabilities, obligations, damages, issues, and causes of action of every nature and description, whether known or Unknown Claims, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, or any other law, rule, or regulation, at law or in equity that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

31.     "Lead Plaintiff's Releasees" means (i) Lead Plaintiff, all members of the Settlement Class, Lead Counsel and all other counsel for Lead Plaintiff, (ii) each of their respective immediate family members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related entities, and affiliates, any trust of which any Settlement Class Member is the settler or which is for the benefit of any Settlement Class Member and/or member(s) of his or her immediate family, and (iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managing directors, employees, contractors, consultants, auditors, accountants, financial advisors, investment bankers, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, and any controlling person thereof, in their capacities as such, and any entity in which a Settlement Class Member has a controlling interest. Lead Plaintiff's Releasees do not include any persons and entities who or which exclude themselves by submitting a request for exclusion from the Settlement Class that is accepted by the Court.

32.     The Judgment will also provide that, upon the Effective Date, to the extent allowed by law, the Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendants' Releasees with respect to any Released Lead Plaintiff's Claim, or brought by a Defendant against any of the Lead Plaintiff's Releasees with respect to any Released Defendants' Claim.

33.     The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants, without costs to any Party, except for the payments expressly provided for in the Stipulation.

11

EXHIBIT A-1

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

34.    To be potentially eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation postmarked no later than _____, 2023.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.iAnthusSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at (866) 561-6086.  Please retain all records of your ownership of and transactions in iAnthus securities, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

35.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

36.    Pursuant to the Settlement, Defendants have agreed to pay two million, nine-hundred-thousand dollars ($2,900,000.00) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."   If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes (including any interest or penalties thereon) on any income earned by the Settlement Fund, the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants), and all taxes imposed on payments by the Settlement Fund, including withholding taxes; (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) reimbursement of Lead Plaintiff's time and expenses pursuant to the Private Securities Litigation Reform Act) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

37.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

38.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

39.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

12

40.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 2023, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Lead Plaintiff's Claims (as defined in paragraph 27 above) against the Defendants' Releasees (as defined in paragraph 28 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Lead Plaintiff's Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

41.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

42.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

43.    Only Settlement Class Members will be potentially eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

44.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud.  The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula ("Recognized Loss") described below.

45.    A Recognized Loss will be calculated for each share of iAnthus common stock purchased or otherwise acquired during the Settlement Class Period in a domestic transaction. The calculation of Recognized Loss will depend upon several factors, including when the iAnthus common stock was purchased or otherwise acquired during the Settlement Class Period, and in what amounts, and whether such stock was sold, and if sold, when it was sold, and for what amounts.  The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

46.    The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of iAnthus common stock was artificially inflated throughout the Settlement Class Period.  The estimated alleged artificial inflation in the price of iAnthus common stock during the Settlement Class Period is reflected in Table 1 below.  The computation of the estimated alleged artificial inflation in the price of iAnthus common stock during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiff and the price

13

change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiff. The estimated alleged artificial inflation in the price of iAnthus common stock in Table 1 below also takes into account the Court's September 28, 2022 Memorandum Opinion on Defendants' motion to dismiss the Complaint, which dismissed without prejudice certain claims.

47.    The U.S. federal securities laws allow investors to seek to recover losses caused by disclosures which corrected the defendants' previous misleading statements or omissions.  Thus, in order to have recoverable damages, the corrective disclosure of the allegedly misrepresented information must be the cause of the decline in the price or value of iAnthus common stock.  In this Action, Plaintiff alleges that Defendants made false statements and/or omitted material facts during the Settlement Class Period, which had the purported effect of artificially inflating the price of iAnthus common stock.  Plaintiff further alleges that corrective disclosures removed artificial inflation from the price of iAnthus common stock on: February 27, 2020; April 6, 2020; June 12, 2020; June 23, 2020; and July 13, 2020 (the "Corrective Disclosure Dates").  Thus, in order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, iAnthus common stock must have been purchased or acquired during the Settlement Class Period and held through at least one of the Corrective Disclosure Dates.

| Table 1 Artificial Inflation in iAnthus Common Stock* | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| May 14, 2018[2] | February 26, 2020 | $0.48 |
| February 27, 2020 | April 5, 2020 | $0.40 |
| April 6, 2020 | June 11, 2020 | $0.25 |
| June 12, 2020 | June 22, 2020 | $0.14 |
| June 23, 2020 | July 10, 2020[3] | $0.09 |
| July 13, 2020 | Thereafter | $0.00 |

* For each day during the Settlement Class Period, per-share price inflation shall not exceed the closing price of the stock that day.

48.    The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for iAnthus common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on iAnthus common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period.  The Recognized Loss on iAnthus common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period

---

[2] At the request of the Company pending news, trading in iAnthus stock was temporarily halted prior to market open on May 14, 2018, at 9:07 a.m. ET.  Trading resumed on May 15, 2018, at 8:00 a.m. ET.

[3] The Class Period ends on July 10, 2020, which is a Friday.

cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

49.    In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.  Any transactions in iAnthus common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session for the U.S. financial markets.

50.    A Recognized Loss will be calculated as set forth below for each purchase or acquisition of iAnthus common stock during the Settlement Class Period, that is listed in the Claim Form and for which adequate documentation is provided.

### Per-Share Recognized Loss Calculation

51.    For each share of iAnthus common stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, May 14, 2018 through July 10, 2020, inclusive), the Recognized Loss per share shall be calculated as follows:

    i.    For each share of iAnthus common stock not held at the opening of trading on at least one of the Corrective Disclosure Dates, the Recognized Loss per share $0.

    ii.    For each share of iAnthus common stock sold during the period February 27, 2020 through July 10, 2020, inclusive, that was held at the opening of trading on one or more of the Corrective Disclosure Dates, the Recognized Loss per share is the price inflation on the date of purchase as provided in Table 1 above, *minus* the price inflation on the date of sale as provided in Table 1 above.

    iii.    For each share of iAnthus common stock sold during the period July 13, 2020 through October 8, 2020, inclusive (i.e., sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

        a)  the price inflation on the date of purchase as provided in Table 1 above; or

        b)  the purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

    iv.    For each share of iAnthus common stock that was still held as of the close of trading on October 8, 2020, the Recognized Loss per share is *the lesser of*:

        a)  the price inflation on the date of purchase as provided in Table 1 above; or

        b)  the purchase price *minus* the average closing price for iAnthus common stock during the 90-Day Lookback Period, which is $0.07.

| Table 2 90-Day Lookback Value | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 7/13/2020 | $0.10 | 8/11/2020 | $0.07 | 9/10/2020 | $0.07 |

15

EXHIBIT A-1

| | | | | | |
|---|---|---|---|---|---|
| 7/14/2020 | $0.09 | 8/12/2020 | $0.07 | 9/11/2020 | $0.07 |
| 7/15/2020 | $0.09 | 8/13/2020 | $0.07 | 9/14/2020 | $0.07 |
| 7/16/2020 | $0.08 | 8/14/2020 | $0.07 | 9/15/2020 | $0.07 |
| 7/17/2020 | $0.08 | 8/17/2020 | $0.07 | 9/16/2020 | $0.07 |
| 7/20/2020 | $0.08 | 8/18/2020 | $0.07 | 9/17/2020 | $0.07 |
| 7/21/2020 | $0.08 | 8/19/2020 | $0.07 | 9/18/2020 | $0.07 |
| 7/22/2020 | $0.08 | 8/20/2020 | $0.07 | 9/21/2020 | $0.07 |
| 7/23/2020 | $0.08 | 8/21/2020 | $0.07 | 9/22/2020 | $0.07 |
| 7/24/2020 | $0.08 | 8/24/2020 | $0.07 | 9/23/2020 | $0.07 |
| 7/27/2020 | $0.08 | 8/25/2020 | $0.07 | 9/24/2020 | $0.07 |
| 7/28/2020 | $0.08 | 8/26/2020 | $0.07 | 9/25/2020 | $0.07 |
| 7/29/2020 | $0.08 | 8/27/2020 | $0.07 | 9/28/2020 | $0.07 |
| 7/30/2020 | $0.08 | 8/28/2020 | $0.07 | 9/30/2020 | $0.07 |
| 7/31/2020 | $0.08 | 8/31/2020 | $0.07 | 10/1/2020 | $0.07 |
| 8/3/2020 | $0.08 | 9/1/2020 | $0.07 | 10/2/2020 | $0.07 |
| 8/4/2020 | $0.08 | 9/2/2020 | $0.07 | 10/5/2020 | $0.07 |
| 8/5/2020 | $0.08 | 9/3/2020 | $0.07 | 10/6/2020 | $0.07 |
| 8/6/2020 | $0.08 | 9/4/2020 | $0.07 | 10/7/2020 | $0.07 |
| 8/7/2020 | $0.07 | 9/8/2020 | $0.07 | 10/8/2020 | $0.07 |
| 8/10/2020 | $0.07 | 9/9/2020 | $0.07 | | |

**INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS**

52.    The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares that participate in the Settlement, and when those shares were purchased and sold.  The number of claimants who send in claims varies widely from case to case.

53.    In order to submit a valid claim, you will need to show that you engaged in domestic transactions in iAnthus securities.[4] You may do this by demonstrating that you: (1) transacted in iAnthus shares that traded under the ticker symbol "ITHUF"; (2) made your purchases while located in the United States; (3) made your purchases from a brokerage account located in the United States; and (4) made your purchases in United States dollars.

54.    A purchase or sale of iAnthus common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

55.    Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired iAnthus common stock during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.  To the extent that iAnthus common stock was originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

---

[4] During the Settlement Class Period, iAnthus common stock was dual-listed on the U.S. over-the-counter ("OTC") market under the ticker symbol "ITHUF," and in Canada under the ticker symbol "IAN."

16

56.    Notwithstanding any of the above, receipt of iAnthus common stock during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of iAnthus common stock.

57.    The first-in-first-out ("FIFO") basis will be applied to purchases and sales.  Sales will be matched in chronological order, by trade date, first against iAnthus common stock held as of the close of trading on May 11, 2018 (the last trading day before the Settlement Class Period begins) and then against the purchases of iAnthus common stock during the Settlement Class Period.

58.    The date of covering a "short sale" is deemed to be the date of purchase of shares.  The date of a "short sale" is deemed to be the date of sale of shares.  In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that a claimant has an opening short position in iAnthus common stock, the earliest Settlement Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

59.    With respect to iAnthus common stock purchased through the exercise of a call or put option,[5] the purchase date of iAnthus common stock shall be the exercise date of the option and the purchase price shall be the closing price of iAnthus common stock on the exercise date.  Any Recognized Loss arising from purchases of iAnthus common stock acquired during the Settlement Class Period through the exercise of an option on iAnthus common stock shall be computed as provided for other purchases of iAnthus common stock in the Plan of Allocation. The submission of Claims for such purchases of iAnthus common stock acquired during the Settlement Class Period through the exercise of an option on iAnthus common stock shall otherwise be subject to the same requirements described in this Notice and the Plan of Allocation for submitting a Claim for other purchases of iAnthus common stock.

60.    Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants.  A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss amounts. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants.  No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

61.    Settlement Class Members who do not submit an acceptable Claim Form will not share in the Settlement proceeds.  The Stipulation and the Judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion or submit an acceptable Proof of Claim.

62.    Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim.  If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all

---

[5] Including (1) purchases of iAnthus common stock as the result of the exercise of a call option, and (2) purchases of iAnthus common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

17

EXHIBIT A-1

Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

63.   Defendants, their respective counsel, and all other Releasees will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim.  Plaintiff and Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

64.   Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (i) first, to pay any amounts mistakenly omitted from the initial disbursement; (ii) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

65.   Lead Plaintiff's Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Lead Plaintiff's Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Lead Plaintiff's Counsel in an amount not to exceed 33.3% (*i.e.*, one-third) of the Settlement Fund.[6]  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $250,000, which may include an application for reimbursement of the reasonable lost wages, costs and expenses incurred by Lead Plaintiff directly related to his representation of the Settlement Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  In addition, Lead Counsel may apply for an award to Lead Plaintiff in connection with his representation of the Settlement Class in an amount not to exceed $15,000.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

---

[6] The attorney fee application will be made collectively on behalf of Pomerantz and BGG. Any attorneys' fees awarded by the Court will be divided pursuant to fee sharing agreements as follows: Pomerantz (85%); BGG (15%), in accordance with BGG's level of contribution to the Action.

EXHIBIT A-1

### WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

66.   Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion from the Settlement Class, addressed to iAnthus Securities Litigation, ATTN: EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217.  The exclusion request must be received no later than _____, 2023.  You will not be able to exclude yourself from the Settlement Class after that date.  Each request for exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *In re iAnthus Capital Holdings, Inc. Securities Litigation*, Case No.: 1:20-cv-03135-LAK"; (c) state the number of iAnthus securities that the person or entity requesting exclusion purchased/acquired and/or sold in domestic transactions during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of iAnthus securities held at the beginning of the Settlement Class Period; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

67.   If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Lead Plaintiff's Claim against any of the Defendants' Releasees.

68.   If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

69.   iAnthus has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants, as set forth in a confidential Supplemental Agreement.

### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

70.   Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.

71.   The Settlement Hearing will be held on _____, 2023 at __:__ _.m., before the Honorable Lewis A. Kaplan at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 21B, 500 Pearl Street, New York, NY, 10007, or by telephonic, video conferencing, or other electronic means, as posted on

19

the website of the Claims Administrator. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

72.   Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below **on or before _____, 2023**. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before _____, 2023**

| Clerk's Office | Lead Counsel Representatives | Defendants' Counsel Representative |
|---|---|---|
| U.S. District Court, Southern District of New York Lewis A. Kaplan Daniel Patrick Moynihan United States Courthouse 500 Pearl Street New York, NY 10007 | Jeremy A. Lieberman Michael Grunfeld Pomerantz LLP 600 Third Avenue, 20th Floor, New York, NY 10016 | Seth L. Levine Levine Lee LLP 1500 Broadway, Suite 2501 New York, New York 10036 Ian M. Turetsky Reed Smith LLP 599 Lexington Avenue, 22nd Floor New York, NY 10022 Adam R. Mandelsberg Perkins Coie LLP 1155 Avenues of the Americas, 22nd Fl. New York, NY 10036 |

73.   Any objection (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the identity and number of iAnthus securities that the objecting Settlement Class Member purchased/acquired and sold in domestic transactions during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of securities held at the beginning of the Settlement Class Period. You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation

Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

74.    You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

75.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 72 above so that it is received on or before _____, 2023.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

76.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 72 above so that the notice is received on or before _____, 2023.

77.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

78.    Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

## WHAT IF I BOUGHT iANTHUS SECURITIES ON SOMEONE ELSE'S BEHALF?

79.    If you purchased or otherwise acquired iAnthus securities during the Settlement Class Period for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to iAnthus Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173041, Milwaukee, WI 53217. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable

EXHIBIT A-1

expenses actually incurred in complying with this Order up to a maximum of $0.15 per name and address provided to the Claims Administrator; up to $0.15 per Notice or Postcard Notice actually mailed, plus postage at a maximum rate of $0.45 per Notice or Postcard Notice; or up to $0.05 per link to the Notice or Postcard Notice transmitted by email, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice, the Postcard Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.iAnthusSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at (866) 561-6086.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

80.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which are available online via the Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov/ or will be provided by Lead Counsel upon request.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.iAnthusSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| iAnthus Securities Litigation | and/or | Jeremy A. Lieberman |
|---|---|---|
| c/o A.B. Data, Ltd. | | Michael Grunfeld |
| P.O. Box 173041 | | POMERANTZ LLP |
| Milwaukee, WI 53217 | | 600 Third Avenue, 20th Floor, |
| www.iAnthusSecuritiesLitigation.com | | New York, NY, 10606 |
| info@iAnthusSecuritiesLitigation.com | | (212) 661-1100 |
| | | jalieberman@pomlaw.com |
| | | mgrunfeld@pomlaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

EXHIBIT A-1

Dated: _____, 2023

By Order of the Court
United States District Court
Southern District of New York

# EXHIBIT A-2

EXHIBIT A-2

## PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission:** _____

If you purchased or otherwise acquired defendant iAnthus Capital Holdings, Inc. ("iAnthus") securities during the period from May 14, 2018 through July 10, 2020, inclusive (the "Settlement Class Period"), pursuant to domestic transactions, and were allegedly damaged thereby you are a "Settlement Class Member" and you may be entitled to share in the settlement proceeds. (Excluded from the Settlement Class are (i) Defendants, (ii) current and former officers and directors of iAnthus and GGP; (iii) members of the immediate family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of iAnthus and GGP and the directors and officers of iAnthus, GGP, and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.).

If you are a Settlement Class Member, you must complete and submit this Claim Form and Release Form ("Claim Form") in order to be eligible for any Settlement benefits. You can complete and submit the electronic version of this Claim Form by 11:59 p.m. EST on _____ at www.iAnthusSecuritiesLitigation.com.

If you do not complete and submit an electronic version of this Claim Form, you must complete and sign this Claim Form and mail it by first class mail, postmarked no later than _____, to _____, the Claims Administrator, at the following address:

iAnthus Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173041
Milwaukee, WI 53217
Tel.: (866) 561-6086
Email: info@iAnthusSecuritiesLitigation.com

Your failure to submit your claim by _____ will subject your claim to rejection and preclude you from receiving any money in connection with the Settlement of this Action. Do not mail or deliver your claim to the Court or to any of the Parties or their counsel, as any such claim will be deemed not to have been submitted. Submit your claim only to the Claims Administrator. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not share in the Settlement, but you nevertheless will be bound by the Judgment of the Court unless you exclude yourself.

Submission of a Claim Form does not assure that you will share in the proceeds of the Settlement.

## CLAIMANT'S STATEMENT

1. I (we) purchased or otherwise acquired iAnthus securities during the Settlement Class Period in domestic transactions. (Do not submit this Claim Form if you did not purchase or otherwise acquire iAnthus securities during the Settlement Class Period.)

2. By submitting this Claim Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. By submitting this Claim Form, I (we) state that I (we) believe in good faith that I (we) can show that I (we) engaged in domestic transactions in iAnthus securities, such as by demonstrating that I (we): (1) transacted in iAnthus shares that traded under the ticker symbol "ITHUF"; (2) made my (our) purchases while located in the United States; (3) made my (our) purchases from a brokerage account located in the United States; and (4) made my (our) purchases in United States dollars.

4. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Claim Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Claim Form.

5. I (we) have set forth where requested below all relevant information with respect to each purchase or acquisition of iAnthus securities during the Settlement Class Period, and each sale, if any, of such securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

6. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase/acquisition and sale of iAnthus securities listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

2

7.  I (we) understand that the information contained in this Claim Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss (as that term is defined in the Notice). In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivative securities such as options.)

8.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and final release, relinquishment and discharge by me (us) and my (our) successors and assigns in any capacity (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her, or them, and by its, his, her, or their successors and assigns in any capacity) of each of the "Releasees" of all "Released Claims," as those terms are defined in the Stipulation of Settlement, dated March 21, 2023 ("Stipulation"). I (we) further agree and acknowledge that I (we) and anyone claiming through or on my behalf (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate, or one or more other persons, by it, him, her, or them and anyone claiming through or on its, his, her, or their behalf), will be permanently and forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute, in any capacity, any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum asserting the Released Claims against any of the Releasees.

9.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and anyone claiming through or on my behalf (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and anyone claiming through or on its, his, her, or their behalf) to permanently refrain from instituting, commencing or prosecuting in any capacity any Released Claims against any of the Releasees.

10. "Releasees" has the meaning laid out in the Stipulation.

11. "Released Claims" has the meaning laid out in the Stipulation.

12. "Unknown Claims" has the meaning laid out in the Stipulation.

13. I (we) acknowledge that I (we) may hereafter discover facts in addition to or different from those which I (we) now know or believe to be true with respect to the subject matter of the Released Claims, but expressly fully, finally, and forever settle and release, any and all Released Claims, known or Unknown Claims, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach

3

of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

14. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

15. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. If you are a Representative Filer, you must contact the Claims Administrator at info@iAnthusSecuritiesLitigation.com or visit their website at www.iAnthusSecuritiesLitigation.com to obtain the required file layout. Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file (see Item 2 of the Claimant's Statement), along with the electronic spreadsheet format. No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

16. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.iAnthusSecuritiesLitigation.com. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@iAnthusSecuritiesLitigation.com or (866) 561-6086. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

4

## I.    CLAIMANT INFORMATION

| Beneficial Owner Name | | |
|---|---|---|
| | | |
| Address | | |
| | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Account Number | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

## II.    SCHEDULE OF DOMESTIC TRANSACTIONS IN IANTHUS SECURITIES

**Beginning Holdings:**
A.  State the total number of ITHUF shares held at the close of trading on May 13, 2018 (*must be documented*) that were purchased pursuant to domestic transactions.  If none, write "zero" or "0."

**Purchases/Acquisitions:**
B.  Separately list each and every purchase or acquisition of ITHUF shares from May 14, 2018 through October 8, 2020, both dates inclusive, pursuant to domestic transactions, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Were Shares Received through a Corporate Acquisition or Merger? (Yes/No) | Price Per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|---|

5

EXHIBIT A-2

| | | | | |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**Sales:**

C. Separately list each and every sale of ITHUF shares from May 14, 2018 through October 8, 2020, both dates inclusive, that were purchased pursuant to domestic transactions, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price Per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Ending Holdings:**

D. State the total number of ITHUF shares held at the close of trading on October 8, 2020 (*must be documented*), that were purchased pursuant to domestic transactions. If none, write "zero" or "0."

Please check the following box if the documents evidencing each purchase/acquisition and sale of ITHUF stock listed above shows that they were (1) purchased in a brokerage account located in the United States and (2) were purchased in United States dollars: ☐

## III.    TAXPAYER IDENTIFICATION NUMBER

The Claimant Information form above requests a Taxpayer Identification Number. For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

## IV.    CERTIFICATION

I (We) submit this Claim Form under the terms of the Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases/acquisitions or sales of

6

iAnthus securities during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

## V.    DECLARATION UNDER PENALTY OF PERJURY, SIGNATURE, & DATE

Please check the box below, if applicable:

☐    I certify that the purchases or acquisitions referenced in this claim form were made while I was located in the United States. If only certain transactions were made in the United States, please specify which ones.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

☐ Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

7

EXHIBIT A-2

**THIS CLAIM FORM MUST BE SUBMITTED ELECTRONICALLY WWW.IANTHUSSECURITIESLITIGATION.COM BY 11:59 P.M. EST ON _____, 2023, OR MAILED TO THE CLAIMS ADMINISTRATOR AT THE BELOW ADDRESS, POSTMARKED NO LATER THAN \_\_\_\_:**

iAnthus Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173041
Milwaukee, WI 53217
Tel.: (866) 561-6086
Email: info@iAnthusSecuritiesLitigation.com

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2023 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

The Claims Administrator will acknowledge receipt of your Claim Form  by mail or email within 45 days of receipt. Your claim is not deemed filed until you receive such an acknowledgement. If you do not receive an acknowledgement within 45 days, please contact the Claims Administrator by telephone toll free at (866) 561-6086 or by email at info@iAnthusSecuritiesLitigation.com.

You should be aware that it will take a significant amount of time to process fully all of the Claim Forms and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Claim Form.  Please notify the Claims Administrator of any change of address.

### REMINDER CHECKLIST

- o Please be sure to sign this Claim Form on page 7.  If this Claim Form is submitted on behalf of joint claimants, then each claimant must sign.

- o Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

- o Do NOT use highlighter on the Claim Form or any supporting documents.

- o If you move or change your address, telephone number, or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

8

# EXHIBIT A-3

EXHIBIT A-3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE iANTHUS CAPITAL HOLDINGS, INC. SECURITIES LITIGATION | No. 20-cv-03135-LAK<br>No. 20-cv-03513-LAK |
| THIS DOCUMENT RELATES TO: Nos. 20-cv-03135 (Securities Class Action), 20-cv-03513 (Cedeno) | |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT OF CLASS ACTION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:  All persons and entities who, during the period from May 14, 2018 through July 10, 2020, inclusive (the "Settlement Class Period"), purchased or otherwise acquired iAnthus Capital Holdings, Inc. ("iAnthus") securities in domestic transactions and were allegedly damaged thereby (the "Settlement Class").**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class as set forth in the full printed Notice Of (I) Pendency Of Class Action, Certification Of Settlement Class, And Proposed Settlement of Class Action; (II) Settlement Hearing; And (III) Motion For An Award Of Attorneys' Fees And Reimbursement Of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiff in the Action has reached a proposed settlement of the Action for $2,900,000.00 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 202_ at __:__ _.m., before the Honorable Lewis A. Kaplan at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 21B, 500 Pearl Street, New York, NY 10007, or by telephonic, video conferencing or other electronic means, as posted on the website of the Claims Administrator. The hearing will determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation And Agreement Of Settlement (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved, and (v) whether to award Lead Plaintiff out of the Settlement Fund pursuant

EXHIBIT A-3

to 15 U.S.C. §78u-4(a)(4) in connection with his representation of the Settlement Class and, if so, in what amount.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at iAnthus Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173041, Milwaukee, WI 53217. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.iAnthusSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be potentially eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 2023. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2023, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to representatives of Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2023, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, iAnthus, or Defendants' counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

iAnthus Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173041
Milwaukee, WI 53217

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

EXHIBIT A-3

POMERANTZ LLP
Jeremy A. Lieberman
Michael Grunfeld
600 Third Avenue, 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
mgrunfeld@pomlaw.com

Dated: _____, 2023

By Order of the Court
United States District Court
Southern District of New York

3

# EXHIBIT A-4

PRESORTED
FIRST-CLASS
MAIL U.S.
POSTAGE PAID

**Court-Ordered Legal Notice
Forwarding Service Requested**

*A federal court authorized this
notice. This is not a solicitation
from a lawyer.*

*This Notice may affect your legal
rights. You may be entitled to a
payment from this securities
class action settlement.*

iAnthus Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173041
Milwaukee, WI 53217

*In re iAnthus Capital Holdings, Inc. Securities Litigation* (*No. 1:20-cv-3135-LAK*)

THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
*PLEASE VISIT WWW.IANTHUSSECURITIESLITIGATION.COM OR CALL (866) 561-6086 FOR MORE INFORMATION*.

The U.S. District Court for the Southern District of New York ("Court") has preliminarily approved a Settlement of claims against iAnthus Capital Holdings, Inc. ("iAnthus"), two of its current and/or former officers, Gotham Green Partners, LLC ("GGP"), and one of GGP's current officers (collectively, "Defendants"). Lead Plaintiff alleges that Defendants made public statements at certain times in 2018-2020 that were materially false and misleading or omitted material information, causing damages to persons who purchased or otherwise acquired iAnthus securities. Defendants deny any wrongdoing.

You received this notice because you or someone in your family or household may have purchased or acquired iAnthus securities in domestic transactions between May 14, 2018, and July 10, 2020, both dates inclusive ("Settlement Class Period"). The Settlement provides that, in exchange for dismissal and release of claims known or unknown against Defendants, Defendants will pay or cause to be paid into a settlement fund $2,900,000.00 ("Settlement Fund"). The Settlement Fund, less attorneys' fees and expenses, and a compensatory award to Lead Plaintiff, will be divided among Settlement Class Members who timely submit valid Proof of Claim and Release Forms ("Proof of Claim"). For a full description of the Settlement, your rights, and to make a claim, please view the Stipulation of Settlement and Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") in any of the following ways: (1) by mail: iAnthus Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173041, Milwaukee, WI 53217; (2) by phone: toll free, (866) 561-6086; (3) by email: info@iAnthusSecuritiesLitigation.com or (4) by visiting the website: www.iAnthusSecuritiesLitigation.com.

To qualify for payment, you must submit a Proof of Claim to the Claims Administrator. PROOFS OF CLAIM ARE DUE BY _____, 2023 TO: iANTHUS SECURITIES LITIGATION, C/O A.B. DATA, LTD., P.O. BOX 173041, MILWAUKEE, WI 53217, OR SUBMITTED ONLINE AT WWW.IANTHUSSECURITIESLITIGATION.COM. **If you DO NOT want to be legally bound by the Settlement, you must exclude yourself from the Settlement Class by _____, 2023 or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by _____, 2023. The Notice and Stipulation of Settlement explain how to opt-out or to object.**

The Court will hold a hearing in this case on _____ 2023 at _____ at 500 Pearl St., Courtroom 21B, New York, NY 10007, to consider whether to approve the Settlement, the Plan of Allocation, a request by Lead Counsel for attorneys' fees up to 33.3%, plus actual expenses up to $250,000, and a compensatory award to Lead Plaintiff not to exceed $15,000 ("Final Approval Hearing"). You may attend the hearing and ask to be heard by the Court, but you do not have to. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. For more information, call (866) 561-6086, or visit the website, www.iAnthusSecuritiesLitigation.com.

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE iANTHUS CAPITAL HOLDINGS, INC. SECURITIES LITIGATION | No. 20-cv-03135-LAK<br>No. 20-cv-03513-LAK |
| THIS DOCUMENT RELATES TO:<br>Nos. 20-cv-03135 (Securities Class Action), 20-cv-03513 (Cedeno) | |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS, an action is pending before this Court entitled *In re iAnthus Capital Holdings, Inc. Securities Litigation*, Case No.: 1:20-cv-03135-LAK ("Litigation");

WHEREAS, (a) Lead Plaintiff Jose Antonio Silva ("Lead Plaintiff"), individually and on behalf of all Settlement Class Members (defined below), and (b) Defendants iAnthus Capital Holdings, Inc. (""iAnthus""), Gotham Green Partners, LLC ("GGP"), and Hadley C. Ford ("Ford"), Julius John Kalcevich ("Kalcevich"), and  Jason Adler ("Adler" and, together with Ford and Kalcevich, the "Individual Defendants"; and the Individual Defendants together with iAnthus and GGP, "Defendants;" and the Defendants together with Lead Plaintiff, the "Settling Parties"), have determined to fully, finally, and forever compromise, settle, release, resolve, relinquish, waive and discharge each and every Released Claim on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated March 21, 2023 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 20__ (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2023 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement

1

are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.    **Incorporation of Settlement Documents** – This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless otherwise set forth herein.

2.    **Jurisdiction** – This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Settlement Class Members.

3.    **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the "Settlement Class" consisting of all persons or entities that purchased or otherwise acquired iAnthus securities between May 14, 2018 and July 10, 2020, both dates inclusive (the "Settlement Class Period"), pursuant to domestic transactions, and were allegedly damaged thereby.  Excluded from the Settlement Class are (i) Defendants, (ii) current and former officers and directors of iAnthus and GGP; (iii) members of the immediate family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of iAnthus and GGP and the directors and officers of iAnthus, GGP, and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant

2

has a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

4.      **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiff as class representative for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class.  Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Litigation and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)      the Stipulation and the Settlement described therein, are, in all respects, fair, reasonable, and adequate, and in the best interest of the Settlement Class;

(b)      there was no collusion in connection with the Stipulation;

(c)      the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)      the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to adequately evaluate and consider their positions.

6.      Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  The Litigation and all claims contained therein are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

3

7.    The finality of this Final Judgment and Order shall not be affected, in any manner, by rulings that the Court may make on Lead Counsel's application for an award of attorneys' fees and expenses or an award to Lead Plaintiff.

8.    **Notice** – In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby determined that all Settlement Class Members are bound by this Final Judgment and Order except those persons listed on Exhibit 1 to this Final Judgment and Order.

9.    **Plan of Allocation** – The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

4

10.    **Releases** – Upon the Effective Date, Lead Plaintiff shall, and each of the Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Lead Plaintiff's Claim against the Defendants' Releasees, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release or shares in the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

11.    Upon the Effective Date, all Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and anyone claiming through or on behalf of any of them, will be permanently and forever barred and enjoined from, and shall be deemed to permanently covenant to refrain from, commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any capacity in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting the Released Lead Plaintiff's Claims against any of the Defendants' Releasees.

12.    Upon the Effective Date, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of this Judgment shall have, compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Lead Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Lead Plaintiff's Releasees.  Claims to enforce the terms of the Stipulation are not released.

13.    The Settling Parties may file the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Order and Final Judgment.

14.    **No Admissions** – Neither the Stipulation, including the exhibits thereto and the Plan of Allocation, this Judgment, the Supplemental Agreement, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation or approval of the Settlement (including any arguments proffered in connection therewith):

a.    shall be (i) offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to (a) the truth of any fact alleged by Lead Plaintiff; (b) the validity of any claim that was or could have been asserted in this Action or in any other litigation; (c) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; (d) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; or (e) any class certification or damages issues; or (ii) in any way referred to for any other reason against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of the Stipulation and the Settlement referred to therein;

b.    shall be (i) offered against any of the Lead Plaintiff's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Lead Plaintiff's Releasees (a) that any of their claims are without merit, that any of the Defendants had meritorious defenses, or that damages recoverable under the

6

Complaint would not have exceeded the Settlement Amount; or (b) with respect to any liability, negligence, fault or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Lead Plaintiff's Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or the Settlement referred to therein; or

c.    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration given in connection with the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that the Settling Parties and the Releasees and their respective counsel may refer to the Stipulation and this Judgment to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

15.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (ii) disposition of the Settlement Fund; (iii) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (iv) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

16.    **Rule 11 Findings** – The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17.    **Attorneys' Fees** – Lead Counsel is awarded attorneys' fees in the amount of $ _____, and expenses in the amount of $ _____, plus any

7

applicable interest, such amounts to be paid out of the Settlement Fund immediately upon entry of this Order. Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses amongst Lead Plaintiff's Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

18.     **Plaintiff Award** – Lead Plaintiff is awarded $_____, as a compensatory award for reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

19.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Settling Parties shall revert to their respective positions in the Litigation prior to the signing of the Stipulation, as provided in the Stipulation.

20.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

8

9

21.    **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.


         IT IS SO ORDERED.


DATED:  _____          _____

                                 THE HONORABLE LEWIS A. KAPLAN
                                 UNITED STATES DISTRICT JUDGE

9