USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-28-24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE iANTHUS CAPITAL HOLDINGS, INC. SECURITIES LITIGATION | No. 20-cv-03135-LAK No. 20-cv-03513-LAK |
|---|---|
| THIS DOCUMENT RELATES TO: Nos. 20-cv-03135 (Securities Class Action), 20-cv-03513 (Cedeno) | |

**MEMO ENDORSED**

[PROPOSED] **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

{00611462;2 }

WHEREAS, an action is pending before this Court entitled *In re iAnthus Capital Holdings, Inc. Securities Litigation*, Case No.: 1:20-cv-03135-LAK (S.D.N.Y.) ("Litigation");

WHEREAS, (a) Lead Plaintiff Jose Antonio Silva ("Lead Plaintiff"), individually and on behalf of all Settlement Class Members (defined below), and (b) Defendants iAnthus Capital Holdings, Inc. (""iAnthus""), Gotham Green Partners, LLC ("GGP"), and Hadley C. Ford ("Ford"), Julius John Kalcevich ("Kalcevich"), and Jason Adler ("Adler" and, together with Ford and Kalcevich, the "Individual Defendants"; and the Individual Defendants together with iAnthus and GGP, "Defendants;" and the Defendants together with Lead Plaintiff, the "Settling Parties"), have determined to fully, finally, and forever compromise, settle, release, resolve, relinquish, waive and discharge each and every Released Claim on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated June 16, 2023 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated December 20, 2023 (ECF No. 133 (the "Order Approving Notice")), this Court: (a) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (b) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (c) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on April 10, 2024 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b)

whether a judgment should be entered dismissing the Action with prejudice as against the Defendants;

WHEREAS, the parties made submissions to the Court on April 26, 2024 and May 24, 2024, in response to the Court's Orders subsequent to the Settlement Hearing; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Incorporation of Settlement Documents** – This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless otherwise set forth herein.

2. **Jurisdiction** – This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Settlement Class Members.

3. **Class Certification for Settlement Purposes** – The Court hereby certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the "Settlement Class" consisting of all persons or entities that purchased or otherwise acquired iAnthus securities between May 14, 2018 and July 10, 2020, both dates inclusive (the "Settlement Class Period"), pursuant to domestic transactions, and were allegedly damaged thereby. Excluded from the Settlement Class are (i) Defendants, (ii) current and former officers and directors of iAnthus and GGP; (iii) members of the immediate family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of iAnthus and GGP and the directors and officers of iAnthus, GGP, and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in

which any Defendant has a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (vii) the person listed on Exhibit 1 hereto, who is excluded from the Settlement Class pursuant to request.

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby certifies Lead Plaintiff as class representative for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Litigation and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Final Settlement Approval and Dismissal of Claims** – Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a) the Stipulation and the Settlement described therein, are, in all respects, fair, reasonable, and adequate, and in the best interest of the Settlement Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d) the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to adequately evaluate and consider their positions.

6. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Litigation and all claims contained therein are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. The finality of this Final Judgment and Order shall not be affected, in any manner, by rulings that the Court may make on Lead Counsel's application for an award of attorneys' fees and expenses or an award to Lead Plaintiff.

8. **Notice** – In accordance with the Court's Order Approving Notice, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Revised Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Settlement Class Members are bound by this Final Judgment and Order except those persons listed on Exhibit 1 to this Final Judgment and Order.

9. **Plan of Allocation** – The Court hereby finds that the proposed Revised Plan of Allocation, submitted on May 24, 2024, is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Revised Plan of Allocation in accordance with its terms and the terms of the Stipulation.

10.     **Releases** – Upon the Effective Date, Lead Plaintiff shall, and each of the Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Lead Plaintiff's Claim against the Defendants' Releasees, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release or shares in the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

11.     Upon the Effective Date, all Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, and anyone claiming through or on behalf of any of them, will be permanently and forever barred and enjoined from, and shall be deemed to permanently covenant to refrain from, commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any capacity in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting the Released Lead Plaintiff's Claims against any of the Defendants' Releasees.

12.     Upon the Effective Date, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of this Judgment shall have, compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Lead Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Lead Plaintiff's Releasees. Claims to enforce the terms of the Stipulation are not released.

{00611462;2 }                                                          5

13. The Settling Parties may file the Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Order and Final Judgment.

14. **No Admissions** – Neither the Stipulation, including the exhibits thereto and the Revised Plan of Allocation, this Judgment, the Supplemental Agreement, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation or approval of the Settlement (including any arguments proffered in connection therewith):

    a. shall be (i) offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to (a) the truth of any fact alleged by Lead Plaintiff; (b) the validity of any claim that was or could have been asserted in this Action or in any other litigation; (c) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; (d) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; or (e) any class certification or damages issues; or (ii) in any way referred to for any other reason against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of the Stipulation and the Settlement referred to therein;

    b. shall be (i) offered against any of the Lead Plaintiff's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Lead Plaintiff's Releasees (a) that any of their claims are without merit, that any of the Defendants had meritorious defenses, or that damages recoverable under the

Complaint would not have exceeded the Settlement Amount; or (b) with respect to any liability, negligence, fault or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Lead Plaintiff's Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or the Settlement referred to therein; or

    c.    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration given in connection with the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that the Settling Parties and the Releasees and their respective counsel may refer to the Stipulation and this Judgment to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

15.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (ii) disposition of the Settlement Fund; (iii) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (iv) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

16.    ~~**Rule 11 Findings** – The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.~~

17.    **Attorneys' Fees** – Lead Counsel is awarded attorneys' fees in the amount of $ 825,050 , and expenses in the amount of $ 116,615.44 , ~~plus any~~

~~applicable interest~~, such amounts to be paid out of the Settlement Fund immediately upon entry of this Order. Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses amongst Lead Plaintiff's Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

~~18.~~   **Plaintiff Award** – Lead Plaintiff is awarded $_____ , as a compensatory ~~award for reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amount to be paid from the Settlement Fund upon the Effective Date of the Settlement~~.

19.   **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Settling Parties shall revert to their respective positions in the Litigation prior to the signing of the Stipulation, as provided in the Stipulation.

20.   **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.


21.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action and to close in the cases as well as the open motions.

IT IS SO ORDERED.

DATED: 5/26/24

_____
THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

{00611462;2}                                    9

## EXHIBIT A

1.   John P. Corrigan