**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE iANTHUS CAPITAL HOLDINGS, INC. SECURITIES LITIGATION | No. 20-cv-03135-LAK<br>No. 20-cv-03513-LAK |
| THIS DOCUMENT RELATES TO: Nos. 20-cv-03135 (Securities Class Action), 20-cv-03513 (Cedeno) | |

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTION**
**TO DISTRIBUTE THE NET SETTLEMENT FUND**

Lead Plaintiff Jose Antonio Silva ("Lead Plaintiff"), on behalf of himself and the Settlement Class, submits this memorandum of law in support of his Motion for an Order for Final Distribution of the Settlement Fund.[1]  Lead Plaintiff makes this motion consistent with Paragraph 31 of the Stipulation requiring that Lead Plaintiff apply for a Class Distribution Order, as well as Paragraph 9 of the Final Judgment and Order of Dismissal with Prejudice providing that "Lead Counsel and the Claims Administrator are directed to administer the Revised Plan of Allocation in accordance with its terms and the terms of the Stipulation." ECF Nos. 131-1, 153.

Based on the analysis prepared by A.B. Data, Ltd. ("A.B. Data"), the Court-appointed Claims Administrator in this action, Claimants have submitted 6,010 valid and properly documented Claim Forms, representing Recognized Losses of $5,884,721.96.[2]  Thus, the $2,900,000 recovery in this action provides a very favorable recovery to shareholders including a gross recovery of approximately 49%.[3] In addition, the Net Settlement Fund of $1,855,449.83[4] (plus any additional interest accrued minus any fees and expenses associated with taxes on that additional accrued interest), represents a net recovery of approximately 32%[5] of total recognized claims filed in this matter.

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated June 16, 2023 ("Stipulation," ECF No. 131-1).

[2] The 6,010 valid claims includes 5,972 timely filed valid claims and 38 late but otherwise valid claims. *See* Declaration of Rochelle J. Teichmiller in Support of Lead Plaintiff's Motion to Distribute the Net Settlement Fund ("Teichmiller Decl."), submitted herewith, ¶¶ 39, 41.  An additional 8,248 claims were rejected. *Id.* ¶ 39.

[3] The $2,900,000 Settlement amount divided by $5,884,721.96 of Recognized Claims.

[4] This represents the Settlement amount of $2,900,000, plus interest of $72,320.98, less the following: taxes of $1,176; legal fees and expenses of $941,615.44; and Notice and Administration Costs of $174,079.71, $151,320.96 of which is still outstanding for work already completed. *See* Teichmiller Decl ¶ 2.

[5]  The net recovery represents the total amount available for distribution to valid claimants of 1,855,449.83 (see above) divided by total recognized claims of $5,884,721.96.

Lead Plaintiff now seeks to distribute a Net Settlement Fund totaling $1,855,449.83 to the Authorized Claimants on a *pro rata* basis.  In the event that the remaining funds following distribution are too small to be redistributed, Lead Plaintiff also seeks an Order approving the donation of any remaining funds post distribution to the CII Research and Education Fund.[6]

For the reasons set forth in detail below, this proposed distribution is appropriate and should be approved.

### BACKGROUND

By Final Judgment and Order of Dismissal With Prejudice dated May 28, 2024 (Dkt. No. 153, the "Final Order"), the Court approved the $2,900,000 settlement as fair, reasonable, and adequate and directed the parties to consummate the Stipulation in accordance with its terms and provisions.

The Net Settlement Fund available for distribution is $1,855,449.83 and reflects payment of prior-awarded attorney's fees and payment of Notice and Administration Costs.

### CLAIMS ADMINISTRATION

By the Court's Order approving notice of the Settlement to the Settlement Class for consideration filed December 20, 2023 (Dkt. No. 133, "Order Approving Notice"), Settlement Class Members wishing to participate in the Settlement were required to submit Claim Forms by mail postmarked, or submitted electronically, no later than April 17, 2024.  As a result of a very effective notice program, A.B. Data has received 14,258 Claim Forms through September 6,

---

[6] The CII Research and Education Fund was established in 2012 to support and publish research and reports on a wide range of topics of interest to long-term investors. Its focus is on educating the public, investors, corporations, other financial market participants and policymakers about topical issues such as shareholder rights and corporate governance. *See* https://www.ciiref.org/.

2024.  *See* Teichmiller Decl. ¶ 8.  A.B. Data recommends that any claim after September 6, 2024 be barred on grounds of lack of timeliness.

As demonstrated in the Teichmiller Declaration, A.B. Data received and reviewed these claims and, to the extent that a claim was deficient in any regard, A.B. Data notified Claimants of the deficiencies and advised them regarding potential cures.  *Id.* ¶¶ 21-30.  A.B. Data recommends rejection of 8,248 claims either because the claim had no purchase(s) of iAnthus securities during the Class Period (3,750), the claim did not result in a Recognized Claim (3,855), the claim duplicated another claim (144), the claim did not engage in domestic transactions of iAnthus securities (494), the claim was withdrawn (3), or the claim was from an Excluded Party (2).  *Id.* at ¶ 39 and Exhibit F thereto.

As explained in the Teichmiller Declaration, A.B. Data followed-up with the two Claimants that requested further review of A.B. Data's rejection of their claims.  As a result of A.B. Data's follow-up, both requests were either withdrawn by the Claimant or the deficiency was resolved. Teichmiller Decl. ¶ 30.

Lead Plaintiff therefore respectfully requests that the Court approve A.B. Data's recommendations on accepting and rejecting claims as set forth herein.

### THE CLAIMS ADMINISTRATOR'S FEES AND EXPENSES

A.B. Data was responsible for mailing Post Card Notices, publishing the Summary Notice, maintaining a website and Claimant call hotline, processing claims, preparing tax returns for the Settlement Fund, and is responsible for distributing the Net Settlement Fund to accepted Claimants. A.B. Data's total fees and expenses for this matter through this date are $151,320.96. *Id.* at ¶ 42 and Exhibit G thereto. In addition, A.B. Data estimates the cost of conducting the Initial Distribution is $22,758.75. Teichmiller Decl at ¶ 42. To date, A.B. Data has not received payment for any fees and expenses. The Court has already approved the distribution of up to

$175,000 for Notice and Administration Costs in its Order Approving Notice. *See* Order Approving Notice (ECF No. 133) ¶ 21. As such, A.B. Data will be paid $174,079.71[7] for the administration work it has completed and will perform with regard to the Settlement.

## **DISTRIBUTION OF NET SETTLEMENT FUND**

Lead Plaintiff respectfully requests that the Court enter an order directing and authorizing distribution of the balance of the Settlement Fund plus interest accrued thereon, after deduction of fees and expenses previously awarded and requested herein and any taxes owing (the "Net Settlement Fund"), totaling $1,855,449.83 to the Settlement Class Members whose claims have been accepted, as set forth on the list of accepted claims submitted with the Teichmiller Declaration, in proportion to their Recognized Claims as shown therein.   Teichmiller Decl. Exhibits D and E.

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein or otherwise involved in the administration or taxation be released and discharged from any and all claims arising out of such involvement.  Accordingly, Lead Plaintiff respectfully requests that the Court bar any further claims against the Net Settlement Fund filed after September 6, 2024, and release and discharge from any and all claims beyond the amount allocated to them arising out of the claims administration, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein or otherwise involved in the administration of the Net Settlement Fund.

---

[7] If the estimate of fees and expenses to conduct the Initial Distribution is greater than the actual cost to conduct the distribution, the excess will be returned to the Net Settlement Fund.

If, no earlier than six (6) months from the date of the Initial Distribution (as that term is defined in Paragraph 43(a) of the Teichmiller Declaration), there is any unclaimed, residual balance in the Net Settlement Fund after the Initial Distribution, after paying any amounts mistakenly omitted from the initial disbursement, and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, the residual balance, if any, will be redistributed to all Claimants who have cashed their checks from the Initial Distribution and whose proportionate share of the remaining Net Settlement Fund is $10.00 or more. Additional distributions, after deduction of costs and expenses as described in this paragraph, and subject to the same conditions, may occur thereafter in 6-month intervals until Lead Counsel, in consultation with A.B. Data, determines that further distribution is not cost-effective. Thereafter, if any sums remain unclaimed and the unclaimed amount is not sufficiently large enough to warrant further distribution, as described in the Teichmiller Declaration, Lead Plaintiff requests that the balance be paid to the CII Research and Education Fund.

## CONCLUSION

Lead Plaintiff respectfully requests that this Court grant his Motion for an Order to Distribute the Net Settlement Fund.

Dated: September 30, 2024

Respectfully submitted,

*/s/ Michael Grunfeld*
Jeremy A. Lieberman
Michael Grunfeld
Brandon M. Cordovi
**POMERANTZ LLP**
600 Third Avenue, Floor 20
New York, NY 10016
Phone: 212-661-1100
Fax: 917-463-1044
jalieberman@pomlaw.com
mgrunfeld@pomlaw.com

5

bcordovi@pomlaw.com

*Lead Counsel for Lead Plaintiff and the
Settlement Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN,
LLC**

Peretz Bronstein
Eitan Kimelman
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Fascimile: (212) 697-7296
peretz@bgandg.com
eitank@bgandg.com

*Additional Counsel for Lead Plaintiff*

6