USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-2-24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE iANTHUS CAPITAL HOLDINGS, INC. SECURITIES LITIGATION

No. 20-cv-03135-LAK
No. 20-cv-03513-LAK

THIS DOCUMENT RELATES TO:
Nos. 20-cv-03135 (Securities Class Action),
20-cv-03513 (Cedeno)

## [PROPOSED] ORDER OF FINAL DISTRIBUTION OF SETTLEMENT FUND

By Final Judgment and Order of Dismissal With Prejudice dated May 28, 2024 (Dkt. No. 153, the "Final Order"), this Court approved, *inter alia*, (i) the terms of the Stipulation of Settlement dated June 16, 2023 (Dkt. No. 131-1, the "Stipulation"), whereby Defendants agreed to pay $2,900,000 (the "Settlement Fund"); (ii) a Revised Plan of Allocation for distribution of the Net Settlement Fund; and (iii) the award of fees and expenses to Lead Counsel.[1]

The court-approved settlement administrator, A.B. Data, Ltd. ("A.B. Data"), has determined that 6,010[2] valid claims representing Recognized Losses of $5,884,721.96 were filed on the Settlement Fund with Recognized Claims under the Plan of Allocation representing a gross recovery of approximately 49%[3] and a net recovery of approximately 32%[4] for all valid claims.

The Net Settlement Fund (after payment of all court approved attorneys' fees, expenses, and Notice and Administration Costs) will total $1,855,449.83 (plus any additional interest accrued minus any fees and expenses associated with taxes on that additional accrued interest).[5] A.B.

---

[1] Unless otherwise indicated, all capitalized terms herein have the same meanings as set forth in the Stipulation.
[2] This number includes 5,972 timely filed valid claims and 38 late but otherwise valid claims.
[3] The $2,900,000 Settlement amount divided by $5,884,721.96 of Recognized Claims.
[4] The net recovery represents the total amount available for distribution to valid claimants of $1,855,449.83 (see below) divided by total Recognized Claims of $5,884,721.96.
[5] This represents the Settlement amount of $2,900,000, plus interest of $72,320.98, less the following: taxes of $1,176; legal fees and expenses of $941,615.44; and Notice and Administration Costs of $174,079.71, $151,320.96 of which is outstanding for work already completed.

Data's administrative fees and expenses (Notice and Administration Costs) totaled $151,320.96 in connection with the services performed in giving Class Notice, preparing tax returns for the Settlement Fund, processing Proofs of Claims, and communicating with Settlement Class Members. In addition, A.B. Data estimates the cost of conducting the Initial Distribution is $22,758.75, resulting in total Notice and Administration Costs of $174,079.71.[6] To date, A.B. Data has not received payment for any fees and expenses.

This Court has authorized and directed the parties to implement all of the terms and provisions of the Stipulation;

The Court has already approved the distribution of up to $175,000 for Notice and Administration Costs in its Order Approving Notice. *See* Order Approving Notice (ECF No. 133) ¶ 21. As such, A.B. Data will be paid $174,079.71 for the administration work it has completed and will perform with regard to the Settlement. If A.B. Data's estimate of fees and expenses to conduct the Initial Distribution is greater than the actual cost to conduct that distribution, the excess will be returned to the Net Settlement Fund; and

This Court has retained jurisdiction over this Action for the purpose of considering any further application or matter that may arise in connection with the administration and execution of the Settlement, the processing of Claim Forms, and the distribution of the Net Settlement Fund.

NOW, THEREFORE, upon consideration of Lead Plaintiff's Motion to Distribute the Net Settlement Fund (the "Motion"), the Memorandum of Law in Support of the Motion, the Declaration of Rochelle J. Teichmiller in Support of Lead Plaintiff's Motion to Distribute the Net

---

[6] If the estimate of fees and expenses to conduct the Initial Distribution is greater than the actual cost to conduct the distribution, the excess will be returned to the Net Settlement Fund.

Settlement Fund ("Teichmiller Declaration"), and upon all prior proceedings herein, and after due deliberation;

**IT IS HEREBY ORDERED THAT**:

1. Lead Plaintiff's Motion is granted;

2. Distribution of the Net Settlement Fund, as set forth in the Teichmiller Declaration, will commence no later than thirty (30) calendar days after entry of this Order;

3. A.B. Data's determinations accepting the claims, as indicated in Exhibits D and E to the Teichmiller Declaration, are approved, and said claims are hereby accepted;

4. A.B. Data's determination rejecting the claims, as indicated in Exhibit F to the Teichmiller Declaration, are approved, and said claims are hereby rejected;

5. Any claims filed after September 6, 2024 are hereby barred, subject to the terms of ¶¶ 32, 43 of the Teichmiller Declaration;

6. A.B. Data will conduct an initial distribution (the "Initial Distribution," as defined in Paragraph 43(a) of the Teichmiller Declaration) of the Net Settlement Fund, after deducting (a) its fees and expenses described in Paragraph 9 below and (b) payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, if any;

7. No earlier than six (6) months from the date of the Initial Distribution, any unclaimed, residual balance in the Net Settlement Fund after the Initial Distribution, after payment of any unpaid fees and expenses incurred in administering the Settlement, and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, if any, shall be redistributed to all Authorized Claimants who have cashed their checks from the Initial Distribution and whose proportionate

share of the remaining Net Settlement Fund is $10.00 or more. Additional distributions, after deduction of costs and expenses as described in this paragraph, and subject to the same conditions, may occur thereafter in 6-month intervals until Lead Counsel, in consultation with A.B. Data, determines that further distribution is not cost-effective; *and in no event may the total distribution amount to any individual claimant exceed that claimant's actual recognized loss;*

LAK 10/2/24

8. Thereafter, if any sums remain unclaimed, and the unclaimed amount is not sufficiently large to warrant further distribution as described in ¶ 43(c) of the Teichmiller Declaration, the balance shall be paid to the CII Research and Education Fund;

9. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Court's order;

10. One year from the final distribution date of the Net Settlement Fund, A.B. Data may destroy the paper copies of the Claims and all supporting documentation, and three years after the final distribution date of the Net Settlement Fund, A.B. Data may destroy electronic copies of the same; and

11. This Court shall retain jurisdiction over any further application or matter that may arise in connection with this Action.

*10/2/24 The Clerk shall terminate any outstanding motions and close these cases.*

SO ORDERED

/s/ Lewis A. Kaplan
LEWIS A. KAPLAN, USDJ
10/2/24

- 4 -